UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAMADOU ALPHA BAH, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>ENTERPRISE HOLDINGS, INC. and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC<br><br>Defendants. | Civil Action No. 17-12542<br><br>**JURY DEMANDED** |

**CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1. This is a class action brought on behalf of assistant branch managers who have worked at Enterprise car and/or truck rental locations across the country who have not been paid overtime for the hours they have worked beyond 40 per week. As discussed below, until last year (November 2016), Enterprise classified its assistant branch managers across the country as exempt from the FLSA's overtime requirements. However, the primary duties of Enterprise's assistant branch managers are *not* management, and Defendants were not permitted to classify them under any of the FLSA's recognized exemptions to the overtime pay requirement.

2. Plaintiff brings this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* on behalf of himself and all similarly situated assistant branch managers who have worked for Defendant Enterprise Holdings, Inc. anywhere in the country who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

1

3.     Plaintiff also brings this case for violation of the Massachusetts overtime law, M.G.L. c. 151, § 1A, as a Massachusetts state class action pursuant to Fed. R. Civ. P. 23 and/or M.G.L. c. 151, § 1B, on behalf of himself and all similarly situated assistant branch managers who have worked in Massachusetts for Defendant Enterprise Holdings, Inc. and/or Defendant Enterprise Rent-a-Car Company of Boston, LLC.

## II.    PARTIES

4.     Plaintiff Mamadou Alpha Bah is an adult resident of Beverly, Massachusetts. Mr. Bah was employed by Defendants in various Massachusetts branches from approximately May 2014 to January 2017.  He held the position of assistant branch manager from approximately July 2016 to January 2017.

5.     Defendant Enterprise Holdings, Inc. is a Missouri corporation with its principal place of business in St. Louis, Missouri.  Enterprise Holdings, Inc. runs a business that provides car and truck rental services in cities and towns throughout the United States.

6.     Defendant Enterprise Rent-a-Car Company of Boston, LLC is a Delaware limited liability company with its principal place of business in Billerica, Massachusetts. On information and belief, Enterprise Rent-a-Car Company of Boston, LLC is a wholly owned subsidiary of Defendant Enterprise Holdings, Inc. that operates the Enterprise branches throughout Massachusetts. Defendant Enterprise Holdings, Inc. owns and controls Defendant Enterprise Rent-a-Car Company of Boston, LLC, as well as many other subsidiaries that operate Enterprise branches in regions across the country.

7.     Defendants Enterprise Holdings, Inc. and Enterprise Rent-a-Car Company of Boston, LLC are joint employers under the FLSA and Massachusetts law. On

information and belief, Defendants' operations are interrelated. Defendants share common management and directors, and as Enterprise Holdings, Inc. owns Enterprise Rent-a-Car Company of Boston, LLC, they share common ownership and centralized control of labor relations. Enterprise Holdings, Inc. imposes employment policies for Enterprise employees on a nationwide basis. Both defendants are referred to collectively herein as "Enterprise."

### III. JURISDICTION AND VENUE

8. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 29 U.S.C. § 1367.

9. The District of Massachusetts is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in and worked for Enterprise in Massachusetts.

### IV. STATEMENT OF FACTS

10. Enterprise is a business that provides rental car and truck services through branches across the United States.

11. Plaintiff was employed by Enterprise from approximately May 27, 2014, to January 6, 2017. Plaintiff was first hired for the position of management trainee and then was promoted to management assistant in May 2015. Both of these positions were classified as non-exempt positions for overtime purposes.

12. On July 1, 2016, Plaintiff was promoted to the position of assistant branch manager, which he held from approximately July 1, 2016, to January 6, 2017.

13. Until November 27, 2016, Enterprise classified all of its assistant branch managers, including Plaintiff, as "exempt" from the overtime requirements of the FLSA (as well as exempt from the overtime requirements of Massachusetts law, for those assistant managers who worked in Massachusetts). As a result of this classification, Enterprise did not pay its assistant branch managers time-and-a-half for hours worked beyond 40 in a given week.

14. During his tenure as assistant branch manager, Plaintiff routinely worked more than 40 hours per week and often worked as much as 50 to 70 hours per week.

15. Despite this classification as exempt from overtime requirements, Plaintiff, like other Enterprise assistant branch managers across the country, spent well more than fifty percent of his time performing non-exempt work, including: cleaning cars, picking up and dropping off customers, greeting customers, and filling out rental paperwork. Indeed, those were the very same duties of management trainees and management assistants who Enterprise classified as non-exempt from overtime.

16. The job duties and responsibilities of Enterprise's assistant branch managers did not require the employees to exercise discretion or independent judgment on matters of any significance. For example, the assistant branch managers were not authorized to issue any type of written reprimand or warning to lower-level employees without approval from a branch manager.

17. Assistant branch managers shared a common job description and all reported directly to, and were closely supervised by, a branch manager.

18. All of Enterprise's assistant branch managers were subject to common corporate policies and procedures created by Enterprise.

19. Assistant branch managers did not have the authority to hire or fire other branch employees.

20. The primary value of assistant branch managers to Enterprise was not any managerial tasks that they performed but the non-exempt labor that they performed, such as cleaning cars, picking up and dropping off customers, and filling out paperwork.

21. Prior to November 27, 2016, Enterprise's assistant branch managers were paid on a salary basis, at a flat weekly rate, regardless of how many hours they worked per week, plus a modest bonus based on the branch's net profit. Assistant branch managers' compensation was comparable to Enterprise's non-exempt management trainees and management assistants when the overtime they worked and were paid was taken into account. Indeed, Plaintiff often received greater compensation when he was a management trainee and a management assistant than he did when he was an assistant branch manager.

22. On November 27, 2016, Enterprise reclassified all of its assistant branch managers across the country as non-exempt for overtime purposes, in light of the new U.S. Department of Labor regulations regarding the salary requirements for exempt employees that were set to become effective on December 1, 2016. In a memorandum to the assistant branch managers regarding the reclassification, Enterprise stated that "we don't expect any changes to your job duties and responsibilities." Enterprise did not provide any back overtime wages for the period of time prior to November 27, 2016, when the assistant branch managers were misclassified as exempt from overtime.

23. Enterprise Holdings, Inc. and Enterprise Rent-a-Car Company of Boston, LLC, are joint employers. Enterprise Rent-a-Car Company of Boston, LLC is one of

more than thirty regional subsidiaries that operates under the control and direction of Enterprise Holdings, Inc. All of Enterprise Rent-a-Car Company of Boston, LLC's managers have been officers and directors of Enterprise Holdings, Inc. during the relevant period.  Enterprise Holdings, Inc. imposes employment policies on its regional subsidiaries, including Enterprise Rent-a-Car of Boston, LLC. For example, Enterprise Holdings, Inc. has issued a Business Ethics & Personnel Policies Summary dictating policy for all of Enterprise's US employees. Additionally, Enterprise Holdings, Inc. imposed the aforementioned nationwide policy on November 27, 2016, reclassifying the assistant branch managers as non-exempt from overtime, but failed to provide any back overtime wages for the prior period during which the assistant managers were misclassified as exempt from overtime.

24.     Enterprise's failure to pay Plaintiff and other assistant branch managers time-and-a-half for their overtime hours, despite their eligibility for overtime pay, was a willful violation of the FLSA.

**V.      COLLECTIVE ACTION ALLEGATIONS**

25.     Plaintiff brings Count I (violation of the FLSA overtime provision, 29 U.S.C. § 207) as a collective action on behalf of Enterprise assistant branch managers who have worked anywhere in the country who may choose to opt in to this action.

26.     The assistant branch managers who may opt in to this collective action are similarly situated to the named Plaintiff. They have all held the same job positions, had the same job duties, and have worked under substantially similar job requirements and pay provisions. They have been subject to the same common practices, policies,

and plans of Enterprise, including not being paid time-and-a-half their regular rate for hours worked past 40 per week until November 27, 2016.

## VI. CLASS ACTION ALLEGATIONS

27. Plaintiff brings Count II (violation of the Massachusetts overtime law, M.G.L. c. 151, § 1A) as a class action on behalf of all Enterprise assistant branch managers who have worked in Massachusetts prior to November 27, 2016, pursuant to Fed. R. Civ. P. 23 and/or G.L. c. 151, § 1B.

28. This class of Massachusetts Enterprise assistant branch managers meets the prerequisites of Fed. R. Civ. P. 23 in that:

   a. The class is so numerous that joining all members is impracticable. The exact number of the members of the class is unknown, but it is estimated that there have been well more than 50 assistant branch managers who have worked in Massachusetts during the relevant period.

   b. There are questions of fact and law common to all Enterprise assistant branch managers who have worked in Massachusetts, because all of those individuals were subject to a uniform policy whereby they were classified as exempt from the overtime requirements of Massachusetts law, and they have not been paid time-and-a-half for the hours worked in excess of forty per week.

   c. With respect to these common issues, the claims of the named Plaintiff is typical of the claims of Enterprise assistant branch managers who worked in Massachusetts.

    d. Plaintiff and his counsel will fairly and adequately represent the interests of the class. The named Plaintiff has no interests adverse to or in conflict with the class members whom he proposes to represent. Plaintiff's counsel have litigated and successfully resolved many dozens of class actions involving wage and hour claims, and particularly claims involving worker misclassification.

    e. The questions of law or fact common to all members of the class predominate over any questions affecting only individual members. The common question include other things, whether Enterprise assistant branch managers were misclassified as exempt prior to November 27, 2016, the type and scope of their job duties, and whether Enterprise failed to pay them time-and-a-half for hours worked in excess of forty per week. These common issues predominate over individualized issues.

    f. Litigating these claims as a class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient duplication of discovery for many Enterprise assistant branch managers in Massachusetts, briefing of legal issues, and court proceedings.

## VII. EXHAUSTION OF REMEDIES

29. Plaintiff has filed his statutory claims with the Office of the Attorney General, and the Office of the Attorney General has issued a right to sue letter.

## COUNT I

### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

Enterprise's conduct in failing to pay its assistant branch managers time-and-a-half their regular rate for all hours worked in excess of forty per week violates the FLSA, 29 U.S.C. § 207. Enterprise's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of Enterprise assistant branch managers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY OVERTIME IN VIOLATION OF MASSACHUSETTS LAW

Plaintiff brings this claim as a class action, pursuant to Fed. R. Civ. P. 23 and/or M.G.L. c. 151, § 1B, on behalf of Enterprise assistant branch managers who have worked in Massachusetts prior to November 27, 2016. Enterprise has violated G.L. c. 151, § 1A by failing to pay its Massachusetts assistant branch managers time-and-a-half for all hours worked in excess of forty per week.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Permission for Plaintiff to notify other Enterprise assistant branch managers anywhere in the country of their right to opt-in to this action under the FLSA, pursuant to 29 U.S.C. § 216(b);

9

2. Certify a class action pursuant to Fed. R. Civ. P. 23 and G.L. c. 151, § 1B under Count II and appoint Plaintiff and his counsel to represent a class of Enterprise assistant branch managers who have worked in Massachusetts prior to November 27, 2016;

3. Find and declare that Enterprise violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Massachusetts G.L. c. 151, §1A.

4. Award compensatory damages, including all wages owed, in an amount according to proof, plus interest;

5. Award liquidated damages and all appropriate statutory and regulatory damages;

6. Award all costs and attorney's fees incurred prosecuting this claim;

7. Any other relief to which Plaintiff and class members may be entitled.

Dated: December 21, 2017

        Respectfully submitted,

        MAMADOU ALPHA BAH, on behalf of himself and all others similarly situated,

        By his attorneys,

        /s/ Shannon Liss-Riordan
        Shannon Liss-Riordan, BBO #640716
        Thomas Fowler, BBO #688521
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, Massachusetts 02116
        (617) 994-5800
        sliss@llrlaw.com
        tfowler@llrlaw.com