```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| MAMADOU ALPHA BAH,<br>    Plaintiff,<br><br>    v.<br><br>ENTERPRISE RENT-A-CAR COMPANY<br>OF BOSTON, LLC, and<br>ENTERPRISE HOLDINGS, INC.,<br>    Defendants. | )<br>)<br>)<br>)   C.A. No. 17-12542-MLW<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 2, 2021

I.  INTRODUCTION

This is a putative class action brought by plaintiff Mamadou Alpha Bah against defendants Enterprise Rent-A-Car Company of Boston and Enterprise Holdings, Inc., and alleging violations of federal and Massachusetts overtime laws. Defendants have moved for reconsideration of the November 13, 2020 Order, which denied defendants' motion to dismiss the claims that its alleged violations were willful. For the reasons described below, the motion for reconsideration is being denied.

In addition, the parties dispute how this case should proceed. See Feb. 17, 2021 Joint Statement (Dkt. No. 114). Plaintiff requests that the court next decide his Motion for the Issuance of Notice Pursuant to §216(b) of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. (the "FLSA") (Dkt. No. 5), which asks the court to conditionally certify a class. Defendants, however, argue

that the court should first address the issue of equitable tolling, because that issue could preclude class certification or significantly affect the scope of any possible class. Defendants also seek to defer litigation concerning conditional certification in order to conduct limited discovery concerning willfulness and Bah's individual claims, in order to "inform the Parties' briefing on which individuals may be 'similarly situated' to Bah for purposes of FLSA certification." Feb. 17, 2021 Joint Statement at 7. For the reasons explained below, the court is not deferring litigation on the conditional certification motion and is ordering a briefing schedule for that motion if it must be litigated.

II. MOTION FOR RECONSIDERATION

For claims brought under the FLSA, the applicable statute of limitations depends on whether the alleged violations were "willful." See 29 U.S.C. §255(a). Defendants moved to dismiss plaintiff's "willfulness claims," arguing that he failed to plead those claims with particularity. See Dkt. No. 94 at 16-19. The court denied the motion because willfulness relates to defendants' affirmative statute of limitations defense, and claims cannot be dismissed based on an affirmative defense unless plaintiff's pleadings establish the defense with certitude. See Nov. 13, 2021 Mem. at 33 (Dkt. No. 103). Defendants contend that this was an error of law and that FLSA willfulness claims must be pleaded with

particularity in order to survive a motion to dismiss. See Mot. Reconsideration at 4-8 (Dkt. No. 106).

### A. Legal Standard

"[I]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case." Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005). See also Latin Am. Music Co. Inc. v. Media Power Grp., Inc., 705 F.3d 34, 40 (1st Cir. 2013). However, "[m]otions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling." Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011) (citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Rather, "[r]econsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension." Id. (citing Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir.2008)).

### B. Analysis

Defendants do not contend that newly discovered evidence or an intervening change in the law justifies reconsideration of the November 13, 2020 Order. Rather, they argue that the court's decision was based on an error of law. See Mot. Reconsideration at 3-4 (Dkt. No. 106). In support of this argument, they cite a litany

3

of district court decisions that indicated that FLSA plaintiffs are required to plead willfulness with particularity to survive a motion to dismiss. See id.[1] Defendants also supplemented their motion for reconsideration with a recently decided case in which the Second Circuit endorsed that view. See Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 320 (2d Cir. 2021).

However, Whiteside merely creates a circuit split on this issue. As the court in Whiteside recognized, see id. (citing Fernandez v Clean House, LLC, 883 F.3d 1296, 1298-99 (10th Cir. 2018)), other courts of appeals have held that a FLSA plaintiff need not plead willfulness with particularity. In Fernandez, the Tenth Circuit found that applying the two-year statute of limitations at the motion to dismiss stage was inappropriate where "[t]he Complaint hardly contain[ed] an admission that the alleged

---

[1] Cases cited by defendants include Chesley v. DIRECTV, Inc., No. 14-CV-468-PB, 2015 WL 3549129, at *7 (D.N.H. June 8, 2015); Acosta v. Holland Acquisitions, Inc., 2018 WL 6242231, at *5 (W.D. Pa. Nov. 29, 2018); Mell v. GNC Corp., 2010 WL 4668966, at *9 (W.D. Pa. Nov. 9, 2010); Buchspies v. Pfizer, Inc., No. CV 18-16083, 2019 WL 5078853, at *4 (D.N.J. Oct. 10, 2019); Ochoa v. Pearson Educ., Inc., No. 11-CV-1382 DMC-JAD, 2012 WL 95340, at *3 (D.N.J. Jan. 12, 2012); Garcia v. Tenafly Gourmet Farms, Inc., 2012 WL 715316, at *2 (D.N.J. July 8, 2010)); Livers v. Nat'l Collegiate Athletic Ass'n, No. CV 17-4271, 2018 WL 2291027, at *8 (E.D. Pa. May 17, 2018); Lagasse v. Flextronics Am., LLC, No. CA 11-445 ML, 2012 WL 2357442, at *2 (D.R.I. June 1, 2012), report and recommendation adopted, No. CA 11-445 ML, 2012 WL 2357641 (D.R.I. June 20, 2012); Rowlett v. Michigan Bell, No. 1:11-CV-1269, 2013 WL 308881, at *2 (W.D. Mich. Jan. 25, 2013); and Kellgren v. Petco Animal Supplies, Inc., No. 13-CV-0644 W (KSC), 2013 WL 12076473, at *2 (S.D. Cal. Sept. 13, 2013); Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 921-22 (D. Ariz. 2010).

FLSA violations were not willful." See also Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 903 (9th Cir. 2013) (finding general allegation that "violations were 'deliberate, intentional, and willful'" sufficient to survive motion to dismiss, because "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity"). Numerous district courts have taken a similar approach.[2]

Whiteside is the only case cited by defendants that was decided after this court's November 13, 2020 decision. Whiteside essentially reiterates reasoning in cases defendants cited previously and the court considered previously. Whiteside does not

---

[2] See Acosta Colon v. Wyeth Pharms. Co., 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005), amended on reconsideration in part sub nom. Acosta Colon v. Wyeth Pharms. Co. Inc. (D.P.R. Mar. 1, 2006); Davis v. W. Wayne Sch. Dist., No. 3:07CV1906, 2008 WL 11366358, at *2 (M.D. Pa. May 9, 2008); Strange v. Prince George's Cty., Maryland, No. CV TDC-19-2761, 2020 WL 4350373, at *6 (D. Md. July 29, 2020); Aviles-Cervantes v. Outside Unlimited, Inc., 276 F. Supp. 3d 480, 491 (D. Md. 2017); Andrade v. Teichroeb, 341 F. Supp. 3d 681 (N.D. Tex. 2018); Perkins v. Total Bldg. Maint., Inc., No. 3:14-CV-2398-B, 2015 WL 1609193, at *4 (N.D. Tex. Apr. 7, 2015); Craven v. Excel Staffing Serv., Inc., No. H-12-2860, 2014 WL 345682, at *8 (S.D. Tex. Jan.30, 2014); Divine v. Volunteers of Am. of Illinois, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018); DeKeyser v. Thyssenkrupp Waupaca, Inc., 589 F. Supp. 2d 1026, 1036 (E.D. Wis. 2008); Woodards v. Chipotle Mexican Grill, Inc., No. 14-CV-4181 SRN/SER, 2015 WL 3447438, at *9 (D. Minn. May 28, 2015); Ferguson v. Smith, No. 3:18-CV-00372-SB, 2018 WL 3733665, at *8 (D. Or. July 18, 2018), report and recommendation adopted, No. 3:18-CV-0372-SB, 2018 WL 3732657 (D. Or. Aug. 6, 2018); Judd v. KeyPoint Gov't Sols., Inc., No. 18-CV-00327-RM-STV, 2018 WL 3057880, at *6 (D. Colo. June 20, 2018), report and recommendation adopted, No. 18-CV-00327-RM-STV, 2018 WL 4368678 (D. Colo. Aug. 2, 2018); Machado v. Fla. Davis, Inc., No. 609CV2102ORL28KRS, 2010 WL 11578641, at *1 (M.D. Fla. Sept. 2, 2010).

persuade the court that its November 13, 2020 decision was based on a manifest error of law. As explained in the November 13, 2020 Memorandum, this court's reasoning was consistent with First Circuit law concerning an affirmative defense to defeat a motion to dismiss. See Nov. 13, 2020 Mem. at 33 (citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008); Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). As discussed more fully in that Memorandum, "willfulness" is not an element of a FLSA claim, but rather is an element of defendants' statute of limitations defense. See Nov. 13, 2020 Mem. at 32. "Dismissing a case under Rule 12(b)(6) on the basis of an affirmative defense requires that '(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude.'" Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006) (quoting Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004)). In this case, the facts plaintiff alleges do not establish with certitude that the alleged violations of the FLSA were not willful. Accordingly, the motion for reconsideration is being denied.

III. CONDITIONAL CERTIFICATION

In addition, the court is not deferring litigation on plaintiff's Motion for the Issuance of Notice Pursuant to §216(b) of the FLSA (Dkt. No. 5), which asks the court to conditionally

certify a FLSA class. As discussed earlier, plaintiff argues that litigation of that motion should proceed now. Defendants, however, contend such litigation should be deferred until the court: (1) determines whether the claims of potential opt-in class members should be equitably tolled, and (2) allows limited discovery regarding the issues of willfulness and Bah's individual claims for the purpose of determining Bah's suitability as class representative. See Feb. 17, 2021 Joint Statement (Dkt. No. 114) at 7.

### A. It is Not Appropriate to Defer Conditional Certification Pending Resolution of the Equitable Tolling Issue

The purpose of equitable tolling is to "extend[] statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Federal courts have typically extended equitable relief only sparingly in suits against private litigants, allowing tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading or

where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990).

Whether a plaintiff has exercised "reasonable diligence" sufficient to justify equitable tolling is "an equitable, often fact-intensive inquiry." Holland v. Fla., 560 U.S. 631, 654 (2010). Judges in the District of Massachusetts and others have, therefore, found it inappropriate to resolve equitable tolling on a class-wide basis before actual class members have been identified. See, e.g., Tidd v. Adecco USA, Inc., 2010 WL 996769, *3 (D. Mass. Mar. 16, 2010); Gonpo v. Sonam's Stonewalls & Art LLC, 2018 WL 1725695, *8 (D. Mass. Apr. 9, 2018); Sanchez-Rosa v. Municipality of San Juan, 2020 WL 6286503, *5-6 (D.P.R. Oct. 27, 2020). The Federal Circuit has reached the same conclusion. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986).

Moreover, resolving this issue solely with respect to hypothetical opt-in plaintiffs might constitute an impermissible advisory opinion. Federal courts cannot "declare principles or rules of law which cannot affect the matter in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). Bah filed this complaint before the statute of limitations expired, regardless of whether the applicable statute of limitations is two or three years. See Nov. 13, 2020 Order (Dkt.

8

No. 103) at 34. Therefore, no one who is currently a party to this case could be affected by a decision on equitable tolling. Instead, the decision would impact only hypothetical opt-in plaintiffs. If actual opt-in plaintiffs do seek to join a class, facts specific to each individual could warrant exceptions to any blanket ruling the court issues on equitable tolling. In each of the cases cited earlier, the courts reasoned that such a ruling would be advisory and, therefore, unconstitutional. See Cook, 795 F.2d at 994; Tidd, 2010 WL 996769, at *3; Sanchez-Rosa, 2020 WL 6286503, at *5-6; Gonpo, 2018 WL 1725696, at *8.

In view of the individualized, fact-specific nature of equitable tolling, as well as the possibility that adjudicating the issue of equitable tolling for unidentified class members would be unconstitutional, the court is not deferring conditional certification in order to resolve the issue of equitable tolling.

B. It is Not Appropriate to Defer Conditional Certification Pending Limited Discovery

Similarly, the court is not deferring conditional certification pending limited discovery. Courts in the First Circuit take a two-step approach to FLSA class certification. At the first step, in order to conditionally certify and send notice to the class, plaintiffs need only "mak[e] a modest factual showing or assert[] substantial allegations that the putative class members were together the victims of a single decision, policy, or

9

plan that violated the law." Trezvant v. Fid. Emp. Servs. Corp., 434 F. Supp. 2d 40, 43 (D. Mass. 2006) (internal quotations and emphasis omitted). "Usually, the initial stage determination is based 'only on the pleadings and any affidavits which have been submitted.'" Id. (quoting Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001)). Courts apply "a fairly lenient standard, which typically results in conditional certification." Id. At a later stage, after discovery, defendants will have the opportunity to have the collective action decertified if plaintiff cannot prove that he is "similarly situated" to members of the putative class. Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007) (explaining that plaintiff's burden at decertification stage is stricter than at conditional certification stage). See also Montoya v. Rescue Indus., Inc., 176 F.3d 489 (10th Cir. 1999).

While the First Circuit has not addressed this two-step process, it has been approved by the Second, Third, Sixth, Tenth, and Eleventh Circuit Courts of Appeals. See, e.g., Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016); Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013); Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006); Thiessen v. Gen. Elec. Cap. Corp., 267 F.3d 1095, 1102-05 (10th Cir. 2001) (approving two-step approach in case under Age Discrimination in Employment Act, "which expressly borrows the opt-in class mechanism of [FLSA]"); Mickles on behalf of herself

v. Country Club Inc., 887 F.3d 1270, 1276-77 (11th Cir. 2018). Lower courts in the Fourth, Seventh, Eighth, Ninth, D.C., and Federal Circuits have indicated that it is the predominant approach in those circuits as well. See Rottman v. Old Second Bancorp, Inc., 735 F. Supp. 2d 988, 990-91 (N.D. Ill. 2010); Houston v. URS Corp., 591 F. Supp. 2d 827, 831 (E.D. Va. 2008); Kautsch v. Premier Commc'ns, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); Encinas v. J.J. Drywall Corp., 265 F.R.D. 3, 6 (D.D.C. 2010); Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004); Dominick v. United States, 135 Fed. Cl. 714, 716 (2017).

The court recognizes that the Fifth Circuit rejected this two-step approach to conditional certification in Swales v. KLLM Transp. Servs., L.L.C., 985 F.3d 430 (5th Cir. 2021). Moreover, even if the two-step approach is generally correct, it would be within the court's discretion to allow limited discovery before deciding the motion for conditional certification in a particular case. See, e.g., Glatt, 811 F.3d at 540 (endorsing two-step process but explaining that district court allowed some discovery before notifying class). Defendants request such discovery on the issues of willfulness and of Bah's individual claims in order to determine whether Bah is "similarly situated" to potential opt-in plaintiffs. See Feb. 17, 2021 Joint Statement (Dkt. No. 114) at 7. However, the issues of willfulness and the merits of Bah's claims are closely intertwined with the merits of the possible class

11

action, and "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiff[]" is a question better addressed at the second stage of the certification process, when such opt-in plaintiffs have been identified. Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). Neither of these issues warrant departure from the two-step approach followed by the majority of courts, in which notification of the class is a pre-discovery step "merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. (emphasis in original). Accordingly, the court is not ordering limited discovery before adjudicating the motion to conditionally certify the proposed class, if in view of the foregoing jurisprudence defendants believe there is a proper basis under Federal Rule of Civil Procedure 11(b) to contest conditional certification.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendants' Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss on the Issue of Willfulness (Dkt. No. 106) is DENIED.

2. The parties shall confer and if defendants do not stipulate to conditional certification of the class without prejudice, plaintiff shall file his supplemental brief in support of conditional certification by October 4, 2021.

3. Defendants shall file their opposition by November 5, 2021.

4. Plaintiff shall file any reply by November 19, 2021.

5. If necessary, a hearing on Plaintiff's Motion for the Issuance of Notice Pursuant to §216(b) of the FLSA (Dkt. No. 5) shall be held on December 8, 2021, at 2:00 p.m., by videoconference unless otherwise ordered. Plaintiff and a representative of defendants with full settlement authority shall attend.

6. If defendants stipulate to conditional certification of the class without prejudice, the parties shall confer and, by October 18, 2001, report, jointly if possible, concerning how this case shall proceed.

_____
UNITED STATES DISTRICT JUDGE