UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAMADOU ALPHA BAH,<br>    Plaintiff,<br><br>    v.<br><br>ENTERPRISE RENT-A-CAR COMPANY<br>OF BOSTON, LLC, and<br>ENTERPRISE HOLDINGS, INC.,<br>    Defendants. | C.A. No. 17-12542-MLW |

ORDER

WOLF, D.J.                                            December 19, 2021

The scope of any conditionally certified collective in this matter will be influenced by whether it is necessary there be personal jurisdiction for each claim brought by a putative opt-in plaintiff in the District of Massachusetts. Judges in the District of Massachusetts have come to differing conclusions on this issue. Compare Waters v. Day & Zimmerman NPS, Inc., 464 F. Supp. 3d 455 (D. Mass. 2020) (Gorton, J.), with Roy v. FedEx Ground Package Sys., Inc., 353 F. Supp. 3d 43 (D. Mass. 2018) (Robertson, Mag. J.), and Chavira v. OS Restaurant Servs., LLC, 2019 WL 4769101 (D. Mass. Sept. 30, 2019) (Burroughs, J.). Although plaintiff does not mention it, and defendants only mention it in a footnote, see Defs. Opp. (Dkt. No. 129) at 7 n.3, this issue should soon be decided by the First Circuit in Waters, 464 F. Supp. 3d 455, petition for interlocutory appeal granted, 20-1831 (1st Cir. Oct. 14, 2020), in which an interlocutory appeal was argued on June 7, 2021.

Therefore, the parties should be prepared to address at the December 22, 2021 hearing whether the court should conditionally certify a nationwide class, order notice to putative members and commencement of the opt-in period, and defer deciding whether personal jurisdiction in the District of Massachusetts is required concerning each putative member's claim until the First Circuit issues its decision in Waters.

The parties should also be prepared to address whether the notice should inform putative class members: (a) that in order to benefit from this case they will have to prove that there are extraordinary circumstances that prevented them from bringing their claim before December 2, 2019 (and possibly before December 2, 2018), see Nov. 13, 2020 Mem. & Order (Dkt. No. 103) at 35; and (b) that in order to benefit from this case they may have to prove that the courts in the District of Massachusetts have personal jurisdiction concerning their claim, which is an issue that should soon be decided by the Court of Appeals for the First Circuit, see Waters, 464 F. Supp. 3d 455.

/s/ Mark L. Wolf<br>
UNITED STATES DISTRICT JUDGE