UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAMADOU ALPHA BAH, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 17-12542-MLW |
| | ) |
| ENTERPRISE RENT-A-CAR COMPANY | ) |
| OF BOSTON, LLC, and | ) |
| ENTERPRISE HOLDINGS, INC., | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    June 28, 2022

When the December 23, 2021 hearing concluded, the court decided to stay this case pending the First Circuit's decision in Waters v. Day & Zimmerman NPS, Inc. See Dec. 23, 2021 Order (Dkt. No. 147). The First Circuit subsequently issued a decision in Waters, 23 F.4th 84 (1st Cir. 2022), holding that district courts may have personal jurisdiction over defendants as to claims brought by non-resident opt-in plaintiffs. The decision created a circuit split with the Sixth and Eighth Circuits. See Canaday v. Anthem Cos., 9 F.4th 392 (6th Cir. 2021); Vallone v. CJS Sols. Grp., LLC, 9 F.4th 861 (8th Cir. 2021).

The defendants in Waters filed a petition for certiorari with the Supreme Court. Partly in an attempt to avoid the risk that the Supreme Court would reverse Waters and this court would lack personal jurisdiction over defendant Enterprise Holdings, Inc. ("EHI") with regard to persons not residing in Massachusetts,

plaintiff Mamadou Alpha Bah filed a Motion to Sever Claims Against Enterprise Holdings, Inc. and Transfer Those Claims to the United States District Court for the Eastern District of Missouri. See Dkt. No. 154. Defendants opposed this motion. See Dkt. No. 155.

The Supreme Court recently denied the petition for certiorari in Waters, see 2022 WL 1914117 (U.S. June 6, 2022), as well as a similar petition in Canaday, see 2022 WL 1914113 (U.S. June 6, 2022). Therefore, the First Circuit decision in Waters governs this case. Accordingly, severance and transfer of the claims against EHI are not necessary for Bah to maintain a nationwide collective action. Because of this court's familiarity with this case, it is most appropriate that it not exercise its discretion to sever and transfer the claims against EHI. See Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

The parties dispute whether Bah has satisfied the requirements for conditional certification of his proposed collective under §216(b) of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. §216(b). In deciding questions of conditional certification, courts apply "a fairly lenient standard, which typically results in conditional certification." Trezvant v. Fid. Emp. Servs. Corp., 434 F. Supp. 2d 40, 43 (D. Mass. 2006); Waters, 23 F.4th at 89. In order to conditionally certify and send notice to the collective, plaintiffs need only "mak[e] a modest factual

2

showing or assert[] substantial allegations that the putative class members were together the victims of a single decision, policy, or plan that violated the law." Trezvant, 434 F. Supp. 2d at 43 (internal quotation marks and citation omitted). In view of the Reclassification Memorandum discussed in the November 13, 2020 Memorandum and Order primarily, the court finds that Bah has made such a showing.

Defendants argue that Bah has failed to sufficiently allege that he is similarly situated to the putative opt-in collective members. See Dkt. No. 129 at 8-18. However, as this court has previously found, "'whether the plaintiffs who have opted-in are in fact "similarly situated" to the named plaintiff[]' is a question better addressed at the second stage of the certification process, when such opt-in plaintiffs have been identified." See Sept. 2, 2021 Order (Dkt. No. 126) at 12 (citing Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)) (alteration in original).

As this court has previously explained, the two- or three-year statute of limitations for potential opt-in plaintiffs expired on December 2, 2018 or December 2, 2019. See, e.g., Nov. 13, 2020 Order (Dkt. No. 103) at 35. However, opt-in plaintiffs are not now necessarily barred from asserting their claims. See, e.g., Sandoz v. Cingular Wireless, L.L.C., 700 F. App'x 317, 320-21 (5th Cir. 2017); Pineda v. Skinner Servs., Inc., 2020 WL 5775160, at *9-10 (D. Mass. Sept. 28, 2020). An opt-in plaintiff

3

would not be barred from joining the collective if he or she proves that equitable tolling of the statute of limitations applies. To do so, an individual must prove that there were "extraordinary circumstances" that prevented him or her from complying with statutory deadlines "through no fault or lack of diligence of [his or her] own." See Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010); Sept. 2, 2021 Order (Dkt. No. 126) at 7-8. The equitable tolling inquiry is individualized and fact-specific. See Holland v. Fla., 560 U.S. 631, 654 (2010). The court has previously held that it would not decide issues of equitable tolling until after putative class members were notified and some seek to establish equitable tolling concerning their claims. See Sept. 2, 2021 Order (Dkt. No. 126) at 8-9.

The court is not persuaded by defendants' argument that additional briefing or argument concerning whether Bah has sufficiently demonstrated that he is similarly situated to the putative collective members or the issue of equitable tolling is necessary. See Joint Status Report (Dkt. No. 152) at 3-5. At a later stage, the defendants will have the opportunity to have the collective action decertified if Bah cannot prove that he is "similarly situated" to members of the collective. See Trezvant, 434 F. Supp. 2d at 45; Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007) (explaining that the plaintiff's burden at

the decertification stage is higher than at the conditional certification stage).

Accordingly, it is hereby ORDERED that:

1. Bah's Motion to Sever Claims Against Enterprise Holdings, Inc. and Transfer Those Claims to the United States District Court for the Eastern District of Missouri (Dkt. No. 154) is DENIED.

2. Bah's Motion for the Issuance of Notice Pursuant to §216(b) of the FLSA (Dkt. No. 5) is ALLOWED. A collective consisting of all individuals who worked as assistant branch managers at any Enterprise Rent-a-Car Branch in the United States, between December 21, 2014 (three years before the Complaint was filed) and November 27, 2016 (the date that the assistant branch managers were reclassified as not exempt from receiving extra pay for working overtime) is conditionally certified.

3. After putative opt-in plaintiffs are identified, the court will decide individually whether the doctrine of equitable tolling operates to permit each to maintain his or her claim despite the usual two-year or three-year statute of limitations. See 29 U.S.C. §255(a) (establishing a two-year statute of limitations for violations and a three-year statute of limitations for willful violations); Neves, 613 F.3d at 36 (describing the equitable tolling standards). Any person wishing to opt-in shall, by October 12, 2022, submit an opt-in consent form, and provide affidavits and evidence supporting his or her contention that: (a) there were

5

extraordinary circumstances that prevented him or her from pursuing his or her claim before either or both statutory deadlines; and (b) he or she was reasonably diligent in pursuing his or her rights.

4. Plaintiff shall, by July 14, 2022, issue by mail, e-mail, or text message the form of notice attached hereto as Exhibit 1, which provides 90 days for putative collective members to attempt to opt-in.

5. Plaintiff's counsel shall, by October 12, 2022, provide defendants with all of the documents it has received from putative opt-in plaintiffs.

6. The parties shall confer and, by October 26, 2022, report jointly if possible, but separately if necessary, concerning how litigation of this case should proceed in a manner consistent with the court's decisions in this case.

UNITED STATES DISTRICT JUDGE