UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAMADOU ALPHA BAH, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>ENTERPRISE HOLDINGS, INC. and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC<br><br>Defendants. | Civil Action No. 1:17-cv-12542 |

**PLAINTIFF'S MOTION FOR SEPARATE AND FINAL JUDGMENT OR, IN THE ALTERNATIVE TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL**

**I.    INTRODUCTION**

On October 24, 2023, the Court issued its Memorandum & Order denying Plaintiff's request that the limitations periods for the claims of the nearly 1,500 Opt-in Plaintiffs in this matter be equitably tolled and decertifying the conditionally certified collective. See Bah v. Enterprise Rent-A-Car Co. of Boston, LLC, --- F. Supp. 3d ---, 2023 WL 7004231, at *4-8 (D. Mass. Oct. 24, 2023).

Plaintiff now asks that the Court enter an order of separate and final judgment as to these Opt-in Plaintiffs, pursuant to Fed. R. Civ. P. 54(b), in order to allow them to obtain immediate appellate review of their pending dismissals. There is no just reason for delay in entering separate and final judgments, allowing them to appeal now. See Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003); Federal Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 107 n.3 (1st Cir. 2016). Currently, Plaintiff Bah is poised to start litigating the merits of his case on behalf of himself and a class of

1

Massachusetts assistant branch managers. The legal issues that will be presented in the appeal – *i.e.*, whether equitable tolling should be applied to the Opt-in Plaintiffs' limitations periods – are distinct and separate from the merits of Plaintiff's overtime misclassification case now being litigated.

Allowing Opt-in Plaintiffs whose claims are being dismissed to proceed with their appeal now will alleviate the risk of a duplicative trial. Should the Court's equitable tolling decision be reversed, they will be able to participate in a trial on the merits with Plaintiff and putative Massachusetts class in this matter. On the other hand, if they cannot appeal until after the trial has already been held, and if the First Circuit then reverses the equitable tolling decision, the Court would likely have to hold a second trial for them based on essentially the same legal theory with overlapping witnesses. Such considerations weigh in favor of granting Rule 54(b) motions. See Brooks v. Help USA, 2018 WL 10758141, at *2 (E.D.N.Y. June 13, 2018).

Further weighing in favor of permitting the Opt-in Plaintiffs to appeal the equitable tolling decision is the fact that this case has been pending for nearly six (6) years. Considering that Plaintiff has not even started merits discovery, it could easily be more than a year until the case has been resolved. Opt-in Plaintiffs should not have to wait that long to advance their appeal. See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997). In light of this already long-running litigation, the equities weigh in favor of the Court entering separate and final judgment for these individuals under Rule 54(b).

Finally, in the alternative, the Court should certify an interlocutory appeal of the equitable tolling issue pursuant to 28 U.S.C. § 1292(b).

## II.     PROCEDURAL BACKGROUND

Plaintiff Bah brought this case on December 21, 2017, on behalf of assistant branch managers who he alleges have worked for Enterprise Holdings and (for those who have worked in Boston) Enterprise Boston. Plaintiff initially moved for permission to issue notice to Enterprise assistant branch managers across the country the same day that this case was filed on December 21, 2017 (Dkt. 5). Because the Court granted Defendants' motion to dismiss, the Court held that Plaintiff's motion to issue notice was moot on September 18, 2018. (Dkt. 56.)

Plaintiff filed the operative Second Amended Complaint on March 16, 2020. (Dkt. 92.) The Court denied Defendants' motion to dismiss that Second Amended Complaint on November 13, 2020. (Dkt. 103.) The Court issued a Memorandum and Opinion on September 2, 2021, ordering the parties to proceed with updating their conditional certification briefing. (Dkt. 126 at 9-11.)

On June 28, 2022, this Court issued an order granting Plaintiff's Motion for the Issuance of Notice Pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Memorandum and Order, Dkt. 161.) The Court authorized notice to issue and ordered that after opt-in plaintiffs had been given the opportunity to join this case, the Court would decide whether the doctrine of equitable tolling would apply to their claims. The Court also ordered that the plaintiffs who opted in to submit declarations explaining the circumstances that prevented them from timely pursuing their claims (Memorandum and Opinion at 5-6, Dkt. 161).

During the opt-in period, 1,462 individuals opted in to this case as plaintiffs, 1,192 of whom submitted declarations averring as follows:

> Prior to receiving the notice of my right to opt in to this case that was issued on July 26, 2022, I was not aware of the case, nor was I aware that I potentially had a claim for unpaid overtime against Enterprise. The only way that I became aware of my rights under the Federal [Fair] Labor Standards Act was by receiving the notice.

See Notice of Filing of Declarations, Exhibit A, (Dkt. 186-1).

On January 18, 2023, the Plaintiff submitted his Memorandum of Law arguing that equitable tolling should be applied to the limitations periods of all Opt-in Plaintiffs (Dkt. 195.) On October 24, 2023, the Court issued its decision denying Plaintiff's request for equitable tolling and decertifying the conditionally certified collective. See Bah, 2023 WL 7004231, at *4-8. In its decision, the Court ordered that "Bah shall, by November 2, 2023, file any motion for the court to issue a final judgment pursuant to Fed. R. Civ. P. 54(b) and/or grant leave to file an interlocutory appeal concerning this decision to deny equitable tolling." Id. at *9.

## III.   ARGUMENT

### A.   The Court Should Enter Separate and Final Judgment With Respect to the Opt-in Plaintiffs Who Have Been Dismissed

When multiple parties are involved in the same action, Fed. R. Civ. P. 54(b) allows for an entry of partial final judgment with respect to some of the claims in the action "upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose of Rule 54(b) is to ease the "harshness" that can arise in lengthy and complex civil actions, which create a "danger of hardship and denial of justice through delay if each claim [has] to await the determination of all claims as to all parties before a final judgment [can] be entered." La Carpa Corp. v. Baer, 2011 WL 13351419, at * (D.P.R. Sept. 17, 2011) (citing Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950)).

Rule 54(b) is appropriate where "the trial court's ruling disposes completely of all claims against a given defendant[,] . . . where the overlap among various legal and factual issues is minimal and where the equities strongly favor immediate, partial judgment." Hale v. Pan Am Railways, Inc., 2019 WL 2371948, at *1 (D. Mass. June 4, 2019) (quoting Gallagher v. Park West Bank & Trust Co., 951 F. Supp. 10, 15 (D. Mass. 1997)). Before entering partial judgment under Rule 54(b), the Court undertakes three inquiries: "(1) whether the disputed ruling is final; (2) whether the disputed ruling raises legal or factual issues that overlap with any claims that remain pending in the district court; and (3) how the equities and efficiencies of piecemeal review would compare to those in a single proceeding." Britton v. Maloney, 196 F.3d 24, 27 (1st Cir. 1999). In granting such a request for separate and final judgment under Rule 54(b), the Court must "'make a brief but particularized statement of its reasons [for acting],' in order to demonstrate that the rule was being properly invoked." Feinstein v. Resolution Trust Corp., 942 F.2d 34, 39 (1st Cir. 1991) (quoting Spiegel v. Trustees of Tufts College, 843 F.2d 34, 44 n.5 (1st Cir. 1988)). Because all of those factors are satisfied here, the Court should grant this motion and issue a separate and final judgment as to the claims asserted by the Opt-in Plaintiffs.

First, the Court's order denying the request that equitable tolling be applied to the Opt-in Plaintiffs' FLSA claims is final. The order "provides an ultimate disposition on a cognizable claim for relief." Boston Prop. Exch. Transfer Co. v. Iantosca, 720 F.3d 1, 7-8 (1st Cir. 2013) (citing Curtiss-Wright Corp. v. General Elec. Co., 466 U.S. 1, 7-8 (1980)) (internal quotations omitted). The Court denied the request for equitable tolling with prejudice. See See Bah, 2023 WL 7004231, at *9. Opt-in

5

Plaintiffs' FLSA claims – cognizable claims for relief – will be completely dismissed from this litigation.

Second, the Court must determine whether there is "no just reason for delay." Boston Prop. Exch., 720 F.3d at 7.  Courts have found no just reason for delay under Rule 54(b) where the judgment entirely resolves one party's claims and those claims are "analytically distinct" from the claims that remain.  Britton, 196 F.3d at 27 n.2. The basis for the Court's impending dismissal of the Opt-in Plaintiffs' claims – that equitable tolling could not be applied to their limitations period – is analytically distinct from the arguments that Plaintiff and the putative Massachusetts class will be advancing on the merits. In other words, the appeal will simply determine whether equitable tolling was appropriate, whereas the litigation that is ongoing before the Court will concern the merits of whether Plaintiff and putative class members were wrongfully misclassified as being exempt from overtime. "Such a lack of overlap strongly supports the finding of no just reason for delay" in entering separate and final judgment under Rule 54(b). Quinn, 325 F.3d at 27; see also Federal Home Loan Bank of Boston, 821 F.3d at 107 n.3 (holding where a dismissal "rests purely on legal grounds distinct from the factual questions of liability being litigated by the remaining parties," the court would "create no problematic 'imbrication between the dismissed [parties] and the surviving [parties]' by hearing an immediate appeal of the final order") (internal citation omitted).

Third, the Court must consider "how the equities and efficiencies of piecemeal review would compare to those in a single proceeding."  Britton, 196 F.3d at 27, n. 2. Requiring the dismissed Opt-in Plaintiffs to wait until the entire case has been resolved to appeal their judgments would result in an unjust delay, because it would raise a

substantial risk of a duplicative unnecessary trial. As the Court knows, this case was brought as a collective action under the FLSA, as well as a Massachusetts class action under the Massachusetts Overtime Law, G.L. c. 151, § 1A. Plaintiff is now proceeding to the merits of the overtime misclassification claim on behalf of the Massachusetts putative class as well as on his individual FLSA claim. The Court should permit Opt-in Plaintiffs to immediately appeal the decision denying equitable tolling so that their appeal can be decided prior to any trial on the merits. Although this case has been pending since December 2017, it is still in its early stages as litigation on the merits is just now poised to begin. By allowing Opt-in Plaintiffs to appeal immediately, the Court could avoid a duplicate trial if the Court's equitable tolling decision is reversed prior to the trial on the claims Plaintiff and the putative Massachusetts class. This case is similar to Brooks, in which the court reasoned:

> Although the Plaintiffs' claims are legally distinct, they are factually similar and involve the same defendants, many of the same witnesses, and a similar paper record. . . . Expediting the appeal benefits both parties by potentially avoiding the expense and delay of a duplicate trial and/or limiting unnecessary discovery. Delaying the appeal poses a danger of hardship and injustice . . . .

Brooks, 2018 WL 10758141, at *2.

Further weighing in favor of allowing an immediate appeal is the fact that this case has been pending for nearly six (6) years, and it could easily be another year or more until the merits of the case have been determined. Merits discovery has not even begun for Plaintiff and the putative Massachusetts Class. Courts have held that there is "danger of hardship or injustice through delay" where "a plaintiff might be prejudiced by a delay in receiving a monetary award." Advanced Magnetics, Inc., 106 F.3d at 16. Moreover, further unnecessary delay could make it more difficult for Opt-in Plaintiffs to

7

pursue their claims, as memories fade, witnesses become unavailable, and discovery becomes more difficult. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that memories fade and evidence becomes stale."). The interests of justice would not be served by forcing these individuals to wait another year or more to appeal their dismissals.

### B. In the Alternative, the Court Should Certify the Issue of Equitable Tolling for Interlocutory Appeal

Alternatively, if the Court does not believe that it can grant separate and final judgment under Rule 54(b), it should instead certify an interlocutory appeal under 28 U.S.C. § 1292(b).[1] To determine whether to grant a motion for leave to file an interlocutory appeal, "the court must consider 'whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of

---

[1] Plaintiff maintains that Rule 54(b) is the more appropriate tool for certifying an appeal in this matter, given that the Court's equitable tolling decision will result in a dismissal with prejudice of the Opt-in Plaintiffs' claims. Section 1292(b), on the other hand, is used to address appeals of genuinely non-final interlocutory orders:
>Section 1292(b) and Rule 54(b) address two different situations. The former applies only to orders that would be considered interlocutory even if presented in a simple single-claim, two-party case. Rule 54(b) applies only to adjudications that would be final under Section 1291 if they occurred in an action having the same limited dimensions. Therefore, if an order is final under Section 1291, Section 1292(b) cannot apply and resort must be had to Rule 54(b) in the multiple-party or multiple-claim situation. Conversely, if an order is interlocutory, Rule 54(b) has no bearing on any determination that might be made under Section 1292(b).

Ultra-Precision Mfg. Ltd. v. Ford Motor Co., 338 F.3d 1353, 1359 (Fed. Cir. 2003) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2658.2 (3d ed.1998)). However, if the Court is disinclined to seize upon Rule 54(b), it could nevertheless use § 1292(b). See Local P–171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co., 642 F.2d 1065, 1071 (7th Cir.1981) ("Though the mechanics of the two procedures [for § 1292(b) and Rule 54(b)] are different, their primary purposes are identical: to accelerate appellate review of select portions of a litigation.").

opinion,' and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 894 F. Supp. 2d 144, 157 (D. Mass. 2012) (quoting In re Bank of New England, 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998)) (internal quotation marks omitted).

This case is similar to Plumbers' Union Local No. 12 Pension Fund, which also concerned the application of tolling in a class context where Judge Stearns acknowledged that "[w]hile interlocutory appeals are granted "sparingly and only in exceptional circumstances," this court is of the opinion that this is one of those "rare cases [that] qualif[ies] for the statutory anodyne." Id. at 157 (quoting In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir.1988)). In that case, Judge Stearns had denied a defendant's motion to dismiss on the basis of American Pipe tolling where the plaintiff ultimately lacked standing to advance the underlying claims. See id. Judge Stearns acknowledged that (like here), the applicability of tolling was a "controlling question of law" that had not been addressed by the First Circuit and was subject to disagreement among courts. Id. at 157-58. As such, Judge Stearns held that the litigation would "benefit from [the tolling issue's] prompt resolution" by the Court of Appeals." Id. at 158 (quoting Camacho v. Puerto Rico Ports Auth., 369 F.3d 570, 573 (1st Cir.2004)).

Here, the Court acknowledged that the "First Circuit has not addressed equitable tolling for FLSA class actions." Bah, 2023 WL 7004231, at *4. Moreover, the Court acknowledged that courts across the country have stark disagreements with respect to the standard for equitable tolling in the context of an FLSA collective action, and

9

whether the focus of such an analysis should be on the diligence of the individual opt-in plaintiffs or instead diligence of the named plaintiff in seeking conditional certification and attendant litigation delays. See id. at *5-6. Given these differing approaches (and even within this District, see Pineda v. Skinner Services, Inc., 2020 WL 5775160 (D. Mass. Sept. 28, 2020)), the equitable tolling issue should be certified for interlocutory review.

The question is obviously one of controlling law, as it impacts the ability of nearly 1,500 Opt-in Plaintiffs to proceed with their claims. See Plumbers' Union Local No. 12 Pension Fund, 894 F. Supp. 2d at 157. There is a substantial ground for difference of opinion given the lack of guidance from the First Circuit and the Court's acknowledgement of differing approaches by different district courts. See Bah, 2023 WL 7004231, at *4; see also See Plumbers' Union Local No. 12 Pension Fund, 894 F. Supp. 2d at 157.  And as a matter of common sense, an immediate appeal will materially advance the ultimate termination of litigation in that it will head off the potential for duplicative litigation where the Opt-in Plaintiffs would get to pursue their FLSA overtime misclassification claims only after Plaintiff and the putative Massachusetts class had litigated theirs to judgment.

**IV.     CONCLUSION**

For the foregoing reasons, the Court should enter separate and final judgment so that the opt-in Plaintiffs in this matter can immediately appeal the issue of equitable tolling. Alternatively, the Court should certify the issue of equitable tolling to the First Circuit for interlocutory appeal.

Dated: November 2, 2023

          Respectfully submitted,
          MAMADOU ALPHA BAH, on behalf of himself
          and all others similarly situated,

          By his attorneys,

          /s/ Shannon Liss-Riordan
          Shannon Liss-Riordan, BBO #640716
          Thomas Fowler, BBO #688521
          LICHTEN & LISS-RIORDAN, P.C.
          729 Boylston Street, Suite 2000
          Boston, Massachusetts 02116
          (617) 994-5800
          sliss@llrlaw.com
          tfowler@llrlaw.com

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that on November 2, 2023, I filed the foregoing document with this Court using the CM/ECF system.  This system sends notifications of such filing and service to all counsel of record.

          /s/ Shannon Liss-Riordan
          Shannon Liss-Riordan

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Shannon Liss-Riordan, hereby certify that Plaintiff's counsel has sought the assent of Defendants' counsel to the request posed by this Motion, and Defendants indicated they do not assent.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan