# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MAMADOU ALPHA BAH,

        Plaintiff,

v.

ENTERPRISE HOLDINGS, INC. and
ENTERPRISE RENT-A-CAR COMPANY
OF BOSTON, LLC,

        Defendants.

Case No. 1:17-cv-12542-MLW

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FRCP 54(b) JUDGMENT AND 28 U.S.C. § 1292(b) CERTIFICATION

Jason C. Schwartz (admitted *pro hac vice*)
Joshua S. Lipshutz (BBO #675305)
Ryan C. Stewart (admitted *pro hac vice*)
Amalia Reiss (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Fax:  (202) 467-0539
jschwartz@gibsondunn.com
jlipshutz@gibsondunn.com
rstewart@gibsondunn.com
areiss@gibsondunn.com

*Counsel for Defendant Enterprise Holdings, Inc.*

Barry J. Miller (BBO #661596)
Hillary J. Massey (BBO #669600)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Fax:  (617) 946-4801
bmiller@seyfarth.com
hmassey@seyfarth.com

*Counsel for Defendants Enterprise Holdings, Inc. and Enterprise Rent-A-Car Company of Boston, LLC*

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

PROCEDURAL HISTORY ......................................................................................... 2

ARGUMENT .............................................................................................................. 4

   I.  Bah Fails to Meet the Requirements for Relief Under Rule 54(b) ..................... 4

     A.  The Standard For Invoking Rule 54(b) Is High And It Should Be Done Only "Sparingly" In "Unusual Cases" ................................................................. 4

     B.  There Is No Compelling Reason For Immediate Appellate Review And There Are Persuasive Reasons Against It ......................................................... 6

   II.  Bah Also Fails to Meet the Requirements for Interlocutory Review Under 28 U.S.C. § 1292(b) .................................................................................................. 14

CONCLUSION .......................................................................................................... 17

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraham v. Woods Hole Oceanographic Inst.*,
    553 F.3d 114 (1st Cir. 2009) .................................................................................15

*Amyndas Pharms., S.A. v. Zealand Pharma A/S*,
    48 F.4th 18 (1st Cir. 2022) ...........................................................................5, 6, 13

*Baker v. Goodman*,
    2020 WL 3064424 (D. Me. June 9, 2020) ...........................................4, 5, 11, 12

*Bead v. Holder*,
    703 F.3d 591 (1st Cir. 2013) .................................................................................15

*Blue v. Medeiros*,
    913 F.3d 1 (1st Cir. 2019) .....................................................................................15

*Brooks v. Help USA*,
    2018 WL 10758141 (E.D.N.Y. Jun. 13, 2018), *report and recommendation
    adopted* 2018 WL 10758140 (Jun. 28, 2018) ....................................................11

*Camacho v. P.R. Ports Auth.*,
    369 F.3d 570 (1st Cir. 2004) .............................................................................1, 14

*Charron v. Cnty. Of York*,
    2021 WL 767860 (D. Me. Feb. 26, 2021) .....................................................10, 12

*Consol. Rail Corp. v. Fore River Ry. Co.*,
    861 F.2d 322 (1st Cir. 1988) ...................................................................................7

*Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*,
    78 F.3d 698 (1st Cir. 1996) .................................................................................6, 9

*Durand v. Goguen*,
    419 F. Supp. 3d 174 (D. Mass. 2019) ...................................................................15

*Fed. Home Loan Bank of Boston v. Moody's Corp.*,
    821 F.3d 102 (1st Cir. 2016), *abrogated on other grounds by Lightfoot v.
    Cendant Mortg. Corp.*, 580 U.S. 82 (2017) .......................................................8, 9

*Fustaguio Do Nascimento v. Mukasey*,
    549 F.3d 12 (1st Cir. 2008) ...................................................................................15

*Gonzalez Figueroa v. J.C. Penney P.R., Inc.*,
    568 F.3d 313 (1st Cir. 2009) ...................................................................................5

*Gyamfi v. Whitaker*,
    913 F.3d 168 (1st Cir. 2019) .................................................................................15

**TABLE OF AUTHORITIES**
(*Continued*)

Page(s)

*Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*,
121 F. Supp. 3d 201 (D. Me. 2015) ................................................................17

*Johansen v. Liberty Mut. Grp., Inc.*,
2017 WL 937712 (D. Mass. Mar. 9, 2017)......................................................15

*Kale v. Combined Ins. Co. of Am.*,
861 F.2d 746 (1st Cir. 1988) ...........................................................................15

*Kersey v. Dennison Mfg. Co.*,
3 F.3d 482 (1st Cir. 1993)...................................................................................7

*Maldonado-Denis v. Castillo-Rodriguez*,
23 F.3d 576 (1st Cir. 1994)....................................................................5, 7, 13

*McGillicuddy v. Clements*,
746 F.2d 76 (1st Cir. 1984) ..............................................................................15

*Medina v. Whitaker*,
913 F.3d 263 (1st Cir. 2019) ............................................................................15

*Morrison-Knudsen Co. v. Archer*,
655 F.2d 962 (9th Cir. 1981) ..............................................................................4

*Negrete v. Citibank, N.A.*,
2017 WL 2963494 (S.D.N.Y. July 11, 2017) ...................................................8

*Neverson v. Farquharson*,
366 F.3d 32 (1st Cir. 2004) ..............................................................................15

*Neves v. Holder*,
613 F.3d 30 (1st Cir. 2010)...............................................................................15

*Nichols v. Cadle Co.*,
101 F.3d 1448 (1st Cir. 1996) .......................................................................1, 4

*O'Donnell v. Robert Half Int'l, Inc.*,
534 F. Supp. 2d 173 (D. Mass. 2008) ..............................................................17

*Pahlavi v. Palandjian*,
744 F.2d 902 (1st Cir. 1984) ..............................................................................7

*Patel v. 7-Eleven, Inc.*,
638 F. Supp. 3d 79 (D. Mass. 2022) .............................................................9, 10

*Pineda v. Skinner Services, Inc.*,
2020 WL 57775160 (D. Mass. Sept. 28, 2020) ...............................................16

*Plumbers' Union Loc. No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*,
894 F. Supp. 2d 144 (D. Mass. 2012) ..........................................................15, 16

# TABLE OF AUTHORITIES
*(Continued)*

Page(s)

*Quinn v. City of Bos.*,
   325 F.3d 18 (1st Cir. 2003)................................................................................5, 8, 9

*Ramirez-Lluveras v. Pagan-Cruz*,
   833 F. Supp. 2d 182 (D.P.R. 2012)................................................................................13

*Riva v. Ficco*,
   615 F.3d 35 (1st Cir. 2010)................................................................................15

*Romero v. Clean Harbors Surface Rentals USA, Inc.*,
   404 F. Supp. 3d 529 (D. Mass. 2019)................................................................................9

*Spiegel v. Trs. of Tufts Coll.*,
   843 F.2d 38 (1st Cir. 1988)................................................................................4, 5, 6, 7, 13, 14

*Storage Comput. Corp. v. Worldwide Domination Corp.*,
   208 F.R.D. 474 (D.N.H. 2002) ................................................................................13

*Toxics Action Ctr., Inc. v. Casella Waste Sys., Inc.*,
   365 F. Supp. 3d 212 (D. Mass. 2019)................................................................................8, 14

*Travelers Cas. & Surety Co. of Am. v. Vazquez Colon*,
   565 F. Supp. 3d 308 (D.P.R. 2021)................................................................................7

*Wadsworth v. Maine Sch. Admin. Dist. 40/Reg'l Sch. Unit 40*,
   2023 WL 3483916 (D. Me. May 16, 2023) ................................................................................6

*Xue Su Wang v. Holder*,
   750 F.3d 87 (1st Cir. 2014)................................................................................15

*In re Zofran (Ondansetron) Prods. Liab. Litig.*,
   235 F. Supp. 3d 317 (D. Mass. 2017)................................................................................1, 14, 16, 17

**Statutes**

28 U.S.C. § 1292(b) ................................................................................14

**Other Authorities**

U.S. Courts of Appeals—Federal Court Management Statistics–Profiles—During
   the 12-Month Periods Ending June 30, 2018 Through 2023. Available at
   https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile06
   30.2023.pdf (last visited November 20, 2023) ................................................................................10

**Rules**

455 Code Mass. Regs. § 27.03(3) ................................................................................7

Fed. R. Civ. P. 54(b) ................................................................................5, 6

**TABLE OF AUTHORITIES**
(*Continued*)

Page(s)

**Treatises**

7B FED. PRAC. & PROC. CIV. § 1807 (3D ED.) § 1807.....................................................................11

## <u>INTRODUCTION</u>

Having tried and failed to invoke the extraordinary remedy of equitable tolling to resurrect the time-barred claims of FLSA opt-in plaintiffs with no factual basis to do so, Plaintiff Bah once again asks this Court to invoke "exceptional" measures that the First Circuit has "warned, time and again . . . should be used sparingly." *Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir. 1996). Specifically, Bah now asks the Court to subject this proceeding to an immediate, interlocutory appeal through either an order of partial final judgment under Federal Rule of Civil Procedure 54(b) or certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See* Dkt. 213 at 2. It is well settled in the First Circuit that both of these mechanisms are to be invoked only "sparingly" and under "exceptional circumstances." *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 235 F. Supp. 3d 317, 319 (D. Mass. 2017); *see also Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) (describing Section 1292(b) certification as "hen's-teeth rare").

Just as with equitable tolling, no such "exceptional" or "unique" circumstances are present here.

*First,* as to Rule 54(b), Plaintiffs have not shown—as they must—any exceptional need or "dire hardship" that would be suffered absent an immediate appeal. To the contrary, the equities— including that (i) an appeal that is successful in overturning the Court's order denying equitable tolling (as unlikely as that is) would serve only to prolong and complicate the resolution of the remaining, timely claims in this proceeding, *see infra* at 17 (explaining that such a circumstance would require the parties to begin discovery and pre-trial motion practice anew), and (ii) the delay in litigation to date has been caused by the lack of diligence of Bah, the opt-in plaintiffs and plaintiffs' counsel—weigh strongly against permitting immediate appeal here.

*Second*, Plaintiffs' argument for certification of interlocutory appeal under 28 U.S.C. § 1292(b) is also meritless. The applicable legal standard for equitable tolling is well-settled under

Supreme Court and First Circuit case law, presenting no compelling "controlling question of law" with "substantial ground for disagreement"—no matter how much Bah wishes that standard would be applied differently on the facts here.  Nor would immediate appellate review "materially advance" this proceeding—it could only serve to prolong it.

For all of these reasons, Defendants respectfully submit that this case should—finally—proceed to resolution on the merits and request that the Court deny Bah's motion.

## PROCEDURAL HISTORY

On December 21, 2017 Plaintiff Mamadou Bah initiated this action, alleging on behalf of himself and purportedly "similarly situated employees" that his employer Enterprise Rent-A-Car Company of Boston, LLC ("ERAC Boston") and its separate parent company, Enterprise Holdings, Inc. ("EHI") (collectively, "Defendants"), misclassified assistant branch managers as exempt from overtime in violation of the Fair Labor Standards Act ("FLSA") and Massachusetts wage-and-hour laws.  Dkt. 1.  After the Court dismissed his first complaint and he withdrew his second complaint to avoid Rule 11 sanctions, Bah finally filed the operative, second amended complaint in March 2020, months after the statute of limitations had expired for any putative FLSA opt-ins.  *See* Dkt. 92.  On October 4, 2021, Bah refiled his motion for nationwide conditional certification and notice, which had previously been denied as moot.  Dkt. 128.

The Court conditionally certified a nationwide collective under the FLSA in June 2022 and ordered that notice be issued to putative opt-ins.  Dkt. 161.  The Court's order required that any putative opt-ins submit with their opt-in consent forms "affidavits and evidence supporting his or her contention that: (a) there were extraordinary circumstances that prevented him or her from pursuing his or her claim before . . . statutory deadlines; and (b) he or she was reasonably diligent in pursuing his or her rights."  *Id.* at 5–6.

Ultimately, 1,475 plaintiffs filed FLSA opt-in consent forms. None of the opt-ins submitted evidence proving that their factual circumstances justified equitable tolling. Dkt. 211 at 7. 1,186 opt-ins submitted "template" declarations drafted by Bah's counsel that asserted identical grounds for tolling, six opt-ins submitted individualized declarations (which also failed to identify any cognizable basis for tolling), and the remaining opt-ins submitted no evidence or declarations at all. *Id.* at 7–8.

Following oral argument, the Court issued an order denying Bah's request for equitable tolling and decertifying the conditionally certified collective. Dkt. 211 at 22. The Court's order detailed well-settled First Circuit precedent regarding the elements of the equitable tolling standard, which requires plaintiffs to establish both diligence in pursuing their claims and extraordinary circumstances preventing them from filing timely, notwithstanding that diligence, in order to justify consideration of equitable tolling. *Id.* at 3–4. None of the opt-ins had met this high standard. *Id.* at 7-8.

The Court also rejected Bah's argument that the Court go beyond "existing [First Circuit] jurisprudence" and instead apply a "categorical approach" to equitable tolling based on the "alleged diligence of the named plaintiff and his counsel rather than on the lack of diligence of the putative plaintiffs" and "the time it took putative plaintiffs to receive notice." Dkt. 211 at 10–12, 14. The Court correctly held that Bah's proposal was not consistent with First Circuit equitable-tolling jurisprudence or the FLSA-related decisions of other judges in this District. *See id.* at 14–15 (detailing why existing jurisprudence is correct analysis). Moreover, the Court found that even if it adopted Bah's proposal for a different legal standard, the facts of this case would still not support equitable tolling because Bah and his counsel were "not reasonably diligent" (*id.* at 16–18 (detailing Bah's litigation delays and failures)) and the passage of time before issuance of notice

is not an "extraordinary circumstance" (*id.* at 18–19).  The Court further found that Defendants would be prejudiced by application of equitable tolling (even if application were justifiable).  *Id.* at 19–20.

As a result of the Court's order, the FLSA claims of the opt-in plaintiffs have been dismissed with prejudice.  Dkt. 211.  And this case is proceeding to the merits of (i) Bah's individual FLSA and Massachusetts state law claims and (ii) his Rule 23 putative class action under Massachusetts law.  *Id.*  The putative Rule 23 class of all Assistant Branch Managers employed in Massachusetts during the relevant time period includes fifty-one individuals who had also opted into the FLSA collective and whose FLSA claims have been dismissed.[1]  On October 24, 2023, the Court entered a scheduling order requiring the completion of fact discovery related to these claims by April 30, 2024.  Dkt. 212 at 2.

## ARGUMENT

**I.    Bah Fails to Meet the Requirements for Relief Under Rule 54(b)**

**A.    The Standard For Invoking Rule 54(b) Is High And It Should Be Done Only "Sparingly" In "Unusual Cases"**

Rule 54(b) provides for an exception—in "unusual case[s]"—to the general rule that interlocutory orders that do not dispose of an entire proceeding are not immediately appealable.  *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).  The "First Circuit casts a cold eye on Rule 54(b) certifications" and has "'warned, time and time again, that Rule 54(b) should be used sparingly.'"

---

[1] *See* Dkt. Nos. 166-004; 166-038; 166-047, 166-064; 167-025; 167-038; 167-059; 167-100; 167-112; 168-015; 168-029; 169-006; 169-032; 169-045; 169-049; 169-070; 169-076; 169-088; 169-112; 169-133; 169-169; 169-212; 169-226; 170-024; 170-038; 170-042; 171-024; 171-029; 171-057; 172-053; 172-083; 173-020; 175-009; 175-032; 176-016; 179-048; 179-069; 179-071; 181-028; 181-056; 181-064; 181-100; 181-104; 182-016; 182-027; 184-032; 184-038; 184-062; 184-063; 184-100.

*Baker v. Goodman*, 2020 WL 3064424, at *3 (D. Me. June 9, 2020) (quoting *Nichols*, 101 F.3d at 1449)).  Indeed, it is "long-settled" First Circuit precedent that "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Spiegel*, 843 F.2d at 42.  Rather, district courts should look to Rule 54(b) only where the moving party establishes there is a "pressing, exceptional need for immediate appellate intervention, or grave injustice of the sort remediable only by allowing an appeal to be taken forthwith, or dire hardship of a unique kind." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 29 (1st Cir. 2022); *see also Spiegel*, 843 F.2d at 45 (Rule 54(b) should be employed only in "unusual and compelling circumstances"); *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994) (application of Rule 54(b) is appropriate only "where the problem and circumstances are of an exceptional nature," such that there is an "urgent need for immediate review" that outweighs the "undesirability of promoting piecemeal appeals").  In short, "Rule 54(b) should be employed with great circumspection . . . [and a] Rule 54(b) certification should not be made available simply because a party requests it." *Gonzalez Figueroa v. J.C. Penney P.R., Inc.,* 568 F.3d 313, 318–21 & n.3 (1st Cir. 2009).

This overarching directive to avoid piecemeal litigation and appeals "overshadows" the two-step framework district courts are to follow in assessing Rule 54(b):  (1) is the court's order "final" for "at least one party as to at least one claim" and, if so, (2) is there "persuasive reason for delay." *Baker*, 2020 WL 3064424 at *2; *see also* Fed. R. Civ. P. 54(b) (requiring the court to determine "there is no just reason for delay" in order to invoke the rule).  "[I]f a district court wishes to enter partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *Quinn v. City of Bos.*, 325 F.3d 18, 26 (1st Cir. 2003) ("The law is firmly established

in this circuit that a rote recital of Rule 54(b)'s talismanic phrase is not enough, in and of itself, to

trump the wonted application of the final judgment rule.").

Here, there is no dispute that the Court's order is "final" as to the FLSA claims of the

dismissed opt-in plaintiffs.[2]  Thus, the Court's analysis hinges on step two—"just reason for

delay"—which requires the movant to show "pressing, exceptional need for immediate appellate

intervention." *Amyndas Pharms., S.A.*, 48 F.4th at 29.  As detailed below, they have not.

### B.     There Is No Compelling Reason For Immediate Appellate Review And There Are Persuasive Reasons Against It

"Once the finality hurdle has been cleared, the district court must determine whether, in

the idiom of the rule, 'there is no just reason for delay.'" *Spiegel*, 843 F.2d at 43 (quoting Fed. R.

Civ. P. 54(b)).  This is a case-specific assessment that, as detailed above, is "tilted from the start

*against* fragmentation of appeals." *Id.* (emphasis added).  "It entails an assessment of the litigation

as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition

against piecemeal appellate review in the particular circumstances." *Id.*  Thus, in assessing

whether there is "persuasive reason for delay," district courts should weigh any pertinent factors,

including "the relationship between the adjudicated and unadjudicated claims," the "possibility

that the reviewing court might be obliged to consider the same issue a second time," and the

balance of equitable and efficiency "factors such as delay, economic and solvency considerations,

shortening the time of trial, frivolity of competing claims, expense, and the like." *Wadsworth v.

Maine Sch. Admin. Dist. 40/Reg'l Sch. Unit 40*, 2023 WL 3483916, at *2–3 (D. Me. May 16, 2023)

(citing *Spiegel*, 843 F.2d at 43 n.3).

---

[2] A trial court's decision is final for the purposes of Rule 54(b) when it "dispose[s] of all the rights and liabilities of at least one party as to at least one claim." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996).  Neither Bah (*see* Dkt. 213 at 1–3) nor Defendants dispute that the Court's order denying equitable tolling with prejudice disposes of the dismissed opt-ins' FLSA claims.

Here, the pertinent factors weigh against entry of judgment under Rule 54(b).

1.  <u>There Is Significant Overlap Between the Dismissed and Surviving Claims</u>

"District courts should go very slowly in employing Rule 54(b) when, as in this instance, the factual underpinnings of the adjudicated and unadjudicated claims are intertwined." *Maldonado-Denis*, 23 F.3d at 580.  Here, the factual underpinnings of the dismissed FLSA overtime claims and the still-pending state law overtime claims of Bah and the putative class are more than intertwined – they are (allegedly) identical.  *See* 455 Code Mass. Regs. § 27.03(3) (adopting FLSA regulations for purposes of defining overtime exemptions under state law).  The same factual questions—*e.g.*, each assistant branch manager's job duties and responsibilities—are at issue for purposes of both their FLSA and Massachusetts state law claims.  Although Defendants dispute this, Bah himself has repeatedly alleged that he and the now-dismissed opt-ins are "similarly situated" with respect to these claims. Dkt. 1 at 2, 6; *see also* Dkt. 5–4 (Bah Declaration in support of conditional certification) at ¶ 18.   The fact that these claims "involve the same set of factual allegations . . . tips the scale against the entry of partial judgment." *Travelers Cas. & Surety Co. of Am. v. Vazquez Colon*, 565 F. Supp. 3d 308, 312 (D.P.R. 2021); *see also Spiegel*, 843 F.2d at 45; *Pahlavi v. Palandjian*, 744 F.2d 902, 904 (1st Cir. 1984) (finding Rule 54(b) judgment was an abuse of discretion in part because overlap between factual issues in the dismissed and surviving claims appeared "extensive"); *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 488 (1st Cir. 1993) (reversing Rule 54(b) judgment "given the interlocking factual issues common" to the dismissed and surviving claims); *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988) (reversing district court grant of 54(b) judgment in part because "all of the counts arise from identical facts").

Moreover, a significant number of the opt-in plaintiffs whose FLSA claims have been dismissed and would be looking to immediately appeal the Rule 54(b) order are *still* absent class

members in this proceeding as part of the putative Rule 23 class.  *Supra* at 4.  These plaintiffs'
dismissed FLSA claims and still-pending Massachusetts wage-hour claims will turn on the *exact*
same facts and evidence.  This further weighs against entry of judgment under Rule 54(b).  *See*
*Toxics Action Ctr., Inc. v. Casella Waste Sys., Inc.*, 365 F. Supp. 3d 212, 214 (D. Mass. 2019)
(denying entry of Rule 54(b) judgment where parties on appeal remained contestants in the
pending action below).

 Plaintiffs do not dispute that the dismissed claims involve the same allegations as the
remaining ones.  Instead, they attempt to sidestep the issue by arguing that the Court's order
regarding equitable tolling is legally and analytically distinct from the merits of the underlying
overtime misclassification claim.  Dkt. 213 at 6.  But Rule 54(b) judgment is not appropriate where
the dismissed and remaining claims arose out of the same alleged factual circumstances and are
"interrelated", even if "[t]he legal questions may differ."  *Negrete v. Citibank, N.A.,* 2017 WL
2963494, at *2 (S.D.N.Y. July 11, 2017) (denying Rule 54(b) judgment as to all dismissed claims
because they were "closely related" and "stem[med] from essentially the same factual allegations"
as the remaining contract claim between the parties).

 Plaintiff's only cited authority—*see* Dkt. 213 at 6 (citing *Quinn v. City of Boston*, 325 F.3d
18 (1st Cir. 2003) and *Fed. Home Loan Bank of Boston v. Moody's Corp.,* 821 F.3d 102 (1st Cir.
2016), *abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82 (2017))—
is inapposite and does not hold otherwise.  In *Quinn*, firefighters' claims that the city had violated
state and federal laws through discrimination in hiring preferences were dismissed, while their
separate claims for violations of state and federal law for requiring them to submit to medical
examinations during hiring remained.  325 F.3d at 18.  In affirming the district court's decision to
invoke Rule 54(b), the First Circuit emphasized that the two types of claims were factually

"discrete" from each other, such that there was a "lack of overlap" between them. *Id.* at 26–27 ("the proof needed . . . is materially different"). Moreover, the "most important factor counseling in favor of allowing an immediate appeal" in *Quinn* was the "public interest" in reaching a "final resolution" of the dismissed, discriminatory hiring claims, which would "have a broad impact on the future of all applicants for firefighter positions in the City of Boston." *Id.* at 27. Neither of those considerations applies here.

*Federal Home Loan Bank* also presented a distinguishable fact pattern. There, the district court dismissed all claims against just one defendant for lack of personal jurisdiction and also refused to sever and transfer those claims to another court on jurisdictional grounds. 821 F.3d at 108. The First Circuit held that entry of Rule 54(b) judgment was proper not just because of the separate legal issue underlying the dismissal but also because there was "substantial disagreement among courts" as to whether the court had jurisdiction to transfer the case, implicating judicial economy and equity issues related to ensuring that all the "parties can potentially proceed to the merits in an appropriate venue." *Id.* at 107 n.3 (also finding the issue so complex as to warrant interlocutory certification under Section 1292(b)). No such jurisdictional issues exist here—in fact, some of the opt-ins still remain in the case as putative class members, resulting in the "problematic imbrication between the dismissed parties and the surviving parties" that the court in *Federal Home Loan Bank* determined it was avoiding. *Id.* (cleaned up).

2. <u>The Equities and Efficiencies Do Not Support Piecemeal Proceedings</u>

Nor is there "compelling evidence that the equities favor early appellate review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996). Equity *disfavors* allowing immediate appeal, for example, where it would delay ongoing litigation, *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 404 F. Supp. 3d 529, 535–36 (D. Mass. 2019), where a final judgment below might precede appellate review, *Patel v. 7-Eleven, Inc.,* 638 F. Supp. 3d 79, 82 (D. Mass.

2022), and where the party seeking immediate appeal has caused delay, *Charron v. Cnty. Of York*, 2021 WL 767860, at *5–6 (D. Me. Feb. 26, 2021).  All three are present here.

*First*, an immediate appeal by the dismissed FLSA opt-ins might not be resolved prior to a final judgment as to the remaining claims and threatens the parties' and the courts' ability to complete these case on the merits without further delay.  Bah argues that entering final judgment would advance this litigation by avoiding a duplicative trial because the anticipated appeal *could* "be decided prior to any trial on the merits."  Dkt. 213 at 7.  But it is well established that this argument holds no water: "entertaining an early appeal just because a ruling *might* transpire and *might* expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse." *Patel*, 638 F. Supp. 3d at 82 (emphases added); *see also Charron*, 2021 WL 767860, at *7 ("[J]udicial efficiency is better-served by refraining from tethering the resolution of simple claims" to a complex future trial "that may never happen.").

Here, the Court has already entered a discovery schedule—to which Bah stipulated—pursuant to which fact discovery will be completed by April 2024 and class certification briefing completed no later than September 2024.  *See* Dkt. 214.  There is no reason to believe that any immediate appeal would be complete before the currently pending claims have been resolved.  In fact, the latest statistics provide that the median time for disposition of an appeal to the First Circuit is 13.6 months from the date an appeal is noticed, leaving no grounds for any confidence that the First Circuit would reach the issues Bah aspires to appeal before this matter is concluded in the trial court.[3]  Rather, appealing this issue now threatens the trajectory of resolving the merits of the remaining claims.  The dismissed FLSA opt-ins' claims are premised on the same factual

---

[3] *See* U.S. Courts of Appeals—Federal Court Management Statistics–Profiles—During the 12-Month Periods Ending June 30, 2018 Through 2023 at 6, *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile0630.2023.pdf (last visited November 20, 2023).

allegations, but the relevant witnesses to support or dispute those allegations are the nationwide opt-ins' former supervisors and coworkers, the vast majority of whom who will not take part in discovery or any trial in this proceeding because they did not work for Enterprise entities in Massachusetts.  In the unlikely event that the First Circuit were to both reverse its precedent on equitable tolling and vacate the dismissal of the FLSA opt-ins' claims—and do so prior to a decision on the merits on the remaining claims in the trial court—it would *not* create a situation where the opt-ins could simply return back to this proceeding on its current schedule.  To the contrary, that dismissal would require the parties to begin discovery, certification, and pre-trial proceedings anew as to the merits of the opt-ins' claims, setting back any progress made in this proceeding with respect to the timely claims remaining.  *See, e.g.*, 7B FED. PRAC. & PROC. CIV. § 1807 (3D ED.) (explaining that (i) final certification or decertification motions under the FLSA turn on, among other things, "the factual and employment settings of the individual [opt-in] plaintiffs" and "the different defenses to which the plaintiffs may be subject on an individual basis" and (ii) a key difference between FLSA collective and Rule 23 class actions is that "each FLSA claimant has the right to be present in court to advance his or her own claim").

Rule 54(b) is not appropriate in such circumstances.[4]  The *Baker* case is instructive.  There, the plaintiff argued Rule 54(b) judgment permitting appeal as to dismissed claims against one defendant was proper because it might avoid a second trial later—but the district court denied the plaintiff's request after assessing the "complicated decisional tree" of different manners in which

---

[4] Plaintiffs' reliance (Dkt. 213 at 7) on *Brooks v. Help USA*, 2018 WL 10758141 (E.D.N.Y. Jun. 13, 2018), *report and recommendation adopted* 2018 WL 10758140 (Jun. 28, 2018) is misplaced for this reason.  In *Brooks*, the district court in New York reasoned that an immediate appeal was most efficient for resolution of the merits of the case because "many of the same witnesses" and "a similar paper record"—effectively a complete "duplicative trial"—would have been required to try the merits of the claims.  *Id.* at *2.

the timing and impact of an interlocutory appeal could play out.  2020 WL 3064424, at *4. Ultimately, while "sympathiz[ing] with [the party's] desire for closure," the court reasoned it was "wiser to proceed in the ordinary course" because a First Circuit order overturning its dismissal would have required the parties "to begin anew" on the merits of discovery in the remaining case, "complicating the disposition" of that case.  *Id.* at *3–4.

Nor is it reasonable or "just" to hold this proceeding in limbo pending an anticipated appeal on the equitable tolling issue, for which there are no reasonable grounds.  As set out in the Court's order, First Circuit precedent regarding the application of equitable tolling is clear, and even if the First Circuit *en banc* were to overrule that precedent in favor of Bah's requested "categorical approach," this Court has already made factual findings—as to Bah and his counsel's diligence, the litigation delay in this case, and the prejudice to Defendants—that would render that change in law meaningless.  *See supra* at 3–4.

**Second**, the fact that this "case has been pending for nearly six (6) years"—as Bah argues (Dkt. 213 at 7)—actually weighs *against* application of Rule 54(b).  A movant's own actions causing litigation delay preceding the Rule 54(b) motion weigh "strongly" against granting a separate final judgment.  *Charron*, 2021 WL 767860, at *5–6 (plaintiff's decision "to sleep on his motion for eight months" weighed "strongly" against granting final judgment).

Here, the delay in this case has been primarily due to Bah and the dismissed FLSA opt-ins. As detailed in the Court's recent order, Bah and his counsel were not diligent in pursuing these claims or the equitable tolling issue.  *See* Dkt. 211 at 17, 21 (Bah and his counsel filed deficient and sanctionable complaints until the statute of limitations had expired for any opt-ins and failed to timely move the Court for equitable tolling, despite knowing that no tolling was in place).  And the dismissed FLSA opt-ins were not reasonably diligent in pursuing their own claims, waiting

12

until *years* after the expiration of the statute of limitations to first try to pursue purported misclassification claims. *Id.* at 18. Moreover, entry of a final judgment under Rule 54(b) cannot be justified where it will "neither cure the delays plaintiffs have already had to endure and may not cure future delays." *Ramirez-Lluveras v. Pagan-Cruz*, 833 F. Supp. 2d 182, 188 (D.P.R. 2012).

Nor have the opt-ins made any showing that they would incur a "grave injustice" or "dire hardship of a unique kind" without an immediate appeal. *Amyndas Pharms., S.A.*, 48 F.4th at 29 (quoting *Spiegel*, 843 F.2d at 45–46). The First Circuit has explained that such "unique" circumstances include situations where a party would face significant barriers pursuing its claims in a foreign venue (*id.*), where the assets at issue could significantly change in value (*e.g.*, intellectual property rights), or where there is legitimate concern that defendants will become judgment proof, *see Maldonado-Denis*, 23 F.3d at 579–80 (granting final judgment because of the "special circumstance" of one defendant's bankruptcy). *See also Storage Comput. Corp. v. Worldwide Domination Corp.*, 208 F.R.D. 474 (D.N.H. 2002) (granting Rule 54(b) judgment because of risk that inactive corporate defendants might damage plaintiff's significant assets).

Bah argues that the dismissed FLSA opt-ins would be "prejudiced by a delay in receiving a monetary award" (Dkt. 213 at 7) but does nothing to explain how such "prejudice" would extend beyond that *any* Rule 54(b) movant would experience in the course of normal litigation. If mere "delay in receiving" a potential monetary award were sufficient to invoke Rule 54(b), every motion would be granted, which is plainly not the law.[5] Moreover, to the extent litigation delay and the

---

[5] Similarly, Bah argues that delaying appellate review of the Court's equitable tolling order until final resolution of this case would render witnesses unavailable, memories faded, and discovery more difficult if the order were vacated in the future. Dkt. 213 at 7–8. Bah cites no case supporting the assertion this would constitute a unique circumstance compelling application of Rule 54(b). But even if it were, the availability and fading memory of witnesses has already occurred due to plaintiffs' delay (*see supra* at 13) and the resulting prejudice is borne mostly, if not entirely, by Defendants, who typically bear the burden of establishing the applicability of an FLSA

lost time-value of money constitutes "prejudice," that harm is remedied not through immediate appealability of any order dismissing a plaintiff's claim but, where and when appropriate, through pre-judgment interest as permitted by law.

## II.    Bah Also Fails to Meet the Requirements for Interlocutory Review Under 28 U.S.C. § 1292(b)

Bah's alternate request for this Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b) should also be denied.  Section 1292(b) is "to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare."  *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).  Where a case does not present exceptional circumstances, such an appeal should not be granted.  *Toxics Action Ctr.*, 365 F. Supp. 3d at 214.  The district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) only if the order sought to be appealed (1) involves a controlling question of law (2) over which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. The First Circuit has cautioned courts to avoid "the four horsemen of too easily available piecemeal appellate review: congestion, duplication, delay, and added expenses."  *Spiegel*, 843 F.2d at 46. In other words, like a Rule 54(b) separate final judgement, "interlocutory appeal requires 'exceptional circumstances,'" *In re Zofran*, 235 F. Supp. 3d at 319, that plainly are not present here.

*First*, the Court's denial of the application of equitable tolling to the claims of the dismissed FLSA opt-ins did not involve a "controlling question" of law under § 1292(b).  A "controlling question of law" "involves a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than an application of law to the facts."  *Johansen v.*

---

exemption—which is one reason, among many, that equitable tolling was denied in the first place, *see* Dkt. 211 at 20.

*Liberty Mut. Grp., Inc.*, 2017 WL 937712, at *1 (D. Mass. Mar. 9, 2017); *see also Durand v. Goguen*, 419 F. Supp. 3d 174, 176 (D. Mass. 2019).  Courts certify questions as "controlling" only when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.  *See McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984) (certification is appropriate only when it presents "difficult and pivotal questions of law not settled by controlling authority").

The First Circuit has uniformly applied the Supreme Court's equitable tolling standard in every context in which it has addressed the question.  *See Neves v. Holder*, 613 F.3d 30, 37 (1st Cir. 2010) (immigration); *Medina v. Whitaker*, 913 F.3d 263, 266 (1st Cir. 2019) (immigration); *Gyamfi v. Whitaker*, 913 F.3d 168, 174 (1st Cir. 2019) (same); *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019) (habeas); *Xue Su Wang v. Holder*, 750 F.3d 87, 90 (1st Cir. 2014) (immigration); *Bead v. Holder*, 703 F.3d 591, 594 (1st Cir. 2013) (same); *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (habeas); *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 121 (1st Cir. 2009) (employment discrimination); *Fustaguio Do Nascimento v. Mukasey*, 549 F.3d 12, 18–19 (1st Cir. 2008) (immigration); *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (habeas); *Kale v. Combined Ins. Co. of Am.,* 861 F.2d 746, 756 (1st Cir. 1988) (employment discrimination).  And courts in this district have uniformly applied that same standard in FLSA cases, just as the Court did here.  Dkt. 211 at 18–20.

The only case Bah cites in support of his argument for interlocutory appeal did not concern, as this case does, a straightforward application of an existing and established legal standard.  *See* Dkt. 213 at 9 (citing *Plumbers' Union Loc. No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 894 F. Supp. 2d 144, 157 (D. Mass. 2012)).  In *Plumbers' Union*, the court certified a question that "[n]either the Supreme Court nor the First Circuit" had ever addressed, and which

15

was "a subject of much debate"—whether a certain tolling rule applied at all to claims for which the plaintiff lacked standing. 894 F. Supp. 2d at 157. Here, there is no such debate: what standard applies is settled. Bah merely contends that the Court either misapplied that standard or should have adopted a different, "categorical" standard in resolving the claims of the dismissed opt-ins.

**Second**, Bah has not shown that there is a "substantial ground for difference of opinion" regarding what standard should apply. There can be "substantial ground for difference of opinion" only in "difficult and pivotal questions of law not settled by controlling authority." *In re Zofran*, 235 F. Supp. 3d at 319. That is not the case here. As the Court recognized in its order, controlling authority in the Supreme Court and First Circuit has settled the standard for the application of equitable tolling. *See* Dkt. 211 at 14.

In arguing that there is a substantial difference of opinion on the issue, Bah again misplaces reliance on *Pineda v. Skinner Services, Inc.*, 2020 WL 57775160 (D. Mass. Sept. 28, 2020). As this Court has already noted, *Pineda* did not adopt a different equitable tolling standard but instead "was a unique case in which the court confirmed that it was applying equitable tolling not because it was legally correct to do so, but because the lack of clarity in one of its prior oral rulings had caused the plaintiffs to reasonably rely on tolling." Dkt. 211 at 13–14. Bah's citations to out-of-circuit, unpublished cases that apply a "categorical approach" to equitable tolling are not sufficient to show substantial ground for difference of opinion as to the underlying standard. "The relevant question"—the standard for the application of equitable tolling—"has been answered" in this Circuit and "[t]he fact that courts may exercise their discretion in different ways does not mean that there is confusion as to the relevant question of law." *In re Zofran*, 235 F. Supp. 3d at 320. The controlling authority in this Circuit is clear, and this Court's order followed that authority in denying equitable tolling.

16

*Third*, an interlocutory appeal will not materially advance the ultimate termination of this action. An immediate appeal is only found to advance the ultimate termination of the litigation if the appeal will advance the time to trial or shorten the time required for trial. *See Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 230 (D. Me. 2015). Courts routinely decline to certify cases where interlocutory appeal would only cause delay of the ultimate termination of litigation, including in the FLSA context. *See id.*; *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 181 (D. Mass. 2008) (denying § 1292(b) certification of a denial of class certification because immediate appeal would prolong underlying litigation).

Bah argues that it is common sense that an immediate appeal would advance the litigation (Dkt. 213 at 10), but mere "conjecture" is insufficient to warrant certification. *In re Zofran*, 235 F. Supp. 3d at 320. Moreover—and as detailed above (*infra* at 12–13)—it is *not* likely that an immediate appeal would advance the trajectory of this proceeding. To the contrary, an immediate appeal, if successful, would only prolong this case by requiring the parties to double back and complete discovery and other pre-trial issues related to the FLSA opt-in plaintiffs that would otherwise be completed as to the remaining claims of Bah and the putative Rule 23 class.

## CONCLUSION

Plaintiffs have not met the high bar required for an immediate appeal under either Rule 54(b) or Section 1292(b). The motion should therefore be denied.

November 21, 2023

Respectfully submitted,

*s/* Jason C. Schwartz
Jason C. Schwartz (admitted *pro hac vice*)
Joshua S. Lipshutz (BBO #675305)
Ryan C. Stewart (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Fax:  (202) 467-0539
jschwartz@gibsondunn.com
jlipshutz@gibsondunn.com
rstewart@gibsondunn.com
areiss@gibsondunn.com

*Counsel for Defendant Enterprise Holdings, Inc.*

Barry J. Miller (BBO #661596)
Hillary J. Massey (BBO #669600)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Fax:  (617) 946-4801
bmiller@seyfarth.com
hmassey@seyfarth.com

*Counsel for Defendants Enterprise Holdings, Inc. and Enterprise Rent-A-Car Company of Boston, LLC*

18

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above document was served upon the attorney of

record for each other party via the Court's CM/ECF system on November 21, 2023.

<div style="margin-left: 40%;">

<u>/s/ Jason C. Schwartz</u>

Jason C. Schwartz

</div>