```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

```
MAMADOU ALPHA BAH,              )
     Plaintiff,                 )
                                )
          v.                    )    C.A. No. 17-12542-MLW
                                )
ENTERPRISE RENT-A-CAR COMPANY   )
OF BOSTON, LLC, and             )
ENTERPRISE HOLDINGS, INC.,      )
     Defendants.                )
```

MEMORANDUM & ORDER

WOLF, D.J.                                        January 17, 2024

I.   SUMMARY

Plaintiff Mamadou Alpha Bah was an assistant branch manager for Enterprise Rent-A-Car Company of Boston, LLC ("ERAC Boston"). He has brought individual and collective claims against defendant ERAC Boston and its parent company, defendant Enterprise Holdings, Inc. ("EHI"), under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, et seq, and the Massachusetts Overtime Law, M.G.L. c. 151, §1A. Bah alleges that defendants violated the FLSA and the Massachusetts Overtime Law by failing to pay overtime to assistant branch managers before November 27, 2016.

Bah sought to establish two classes: a class of Massachusetts assistant branch managers seeking relief from defendants under the Massachusetts Overtime Law (the "Massachusetts Class"), and a class of national assistant branch managers seeking relief from

1

defendants under the FLSA (the "National Class").[1] See Second Amended Complaint ("SAC"), at 11-12 (Dkt. No. 92).

The court dismissed plaintiff's original Complaint without prejudice. Plaintiff withdrew the First Amended Complaint ("FAC") after the court noted that it included allegations that might be sanctionable under Federal Rule of Civil Procedure 11 ("Rule 11"). On March 16, 2020--more than two years after initiating this action--plaintiff filed the SAC. On November 13, 2020, the court denied defendants' motion to dismiss the SAC. See Order (Dkt. No. 103). The parties subsequently litigated various issues related to class certification under the FLSA. On June 28, 2022, the court conditionally certified the FLSA National Class and authorized notice to be given to putative opt-in class members. See Mem. & Order (Dkt. No. 161).

However, in an FLSA collective action, the limitations period continues to run against each individual plaintiff until that plaintiff files a written opt-in consent. 29 U.S.C. §256(b); 29 C.F.R. §790.21(b)(2)(II). In this case, the longest possible statute of limitations under the FLSA expired on January 1, 2020. See Oct. 24, 2023 Mem. & Order, at 2 (Dkt. No. 211). Therefore, the court instructed that each person seeking to opt-in would have

---

[1] The FLSA characterizes classes as "collectives." See, e.g., Waters v. Day & Zimmermann NPS, Inc., 23 F.4th 84, 86 (1st Cir. 2022), cert. denied, 142 S. Ct. 2777 (2022). However, the putative FLSA collective is referred to as a "class" in this Memorandum.

2

to satisfy the requirements to justify equitable tolling as they had been consistently stated by the First Circuit. See June 28, 2022 Mem. & Order, at 5-6 (Dkt. No. 161) (citing Neves v. Holder, 613 F.3d 30 (1st Cir. 2010)).

As explained in the October 24, 2023 Memorandum and Order now at issue, more than 1,000 putative opt-in plaintiffs, evidently using a template provided by plaintiff's counsel, filed brief, boilerplate affidavits that failed to justify equitable tolling under the standards articulated by the Supreme Court and the First Circuit. See Oct. 24, 2023 Mem. & Order, at 7-10. Nevertheless, plaintiff argued that the mere passage of time between the filing of the case and the issuance of notice categorically justified equitable tolling for all putative FLSA opt-in plaintiffs. See id. at 10.

For the reasons explained in the October 24, 2023 Memorandum and Order, which are summarized below, the court did not find plaintiff's contention to be meritorious. Therefore, it denied each of the putative plaintiffs' requests to opt-in and decertified the conditionally certified National Class. See id. at 22.

Plaintiff has moved to certify this decision for immediate appeal to the First Circuit pursuant to Federal Rule of Civil Procedure 54(b) (the "Motion"; Dkt. No. 213). Defendants oppose this request. See Defendants' Opposition (Dkt. No. 217). For the reasons explained in this Memorandum, the court finds that the

3

decision at issue is final and that there is no just reason for delay.

The Motion is being allowed primarily because: the putative opt-in plaintiffs' claims have been finally adjudicated; the disputed ruling involves a legal and factual issue--whether equitable tolling is categorically justified--that is analytically distinct from the claims that are still pending in the district court; considerations of equity and efficiency weigh in favor of piecemeal review; and defendants will not be prejudiced by such review. Therefore, the court has concluded that this is one of the rare cases in which an entry of final judgment pursuant to Rule 54(b) is justified.

II. PROCEDURAL HISTORY

The court dismissed plaintiff's original Complaint without prejudice because it did not contain distinct allegations concerning ERAC Boston and EHI, instead referring to the companies jointly as "Enterprise," and because it did not address the First Circuit's requirements for alleging that Bah had an employment relationship with EHI. See Sept. 17, 2018 Tr., at 45-51 (Dkt. No. 57) (discussing the requirements stated by the First Circuit in Baystate Alternate Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998)); Sept. 18, 2018 Order (Dkt. No. 56). In granting the motion to dismiss, the court quoted from Cavallaro v. UMass Memorial Healthcare, Inc., in which the First Circuit affirmed the

4

dismissal of a similar complaint and wrote, "plaintiffs' counsel appear to have been omitting pertinent information from their complaints, possibly to . . . broaden the potential class." 678 F.3d 1, 9 (1st Cir. 2012); Sept. 17, 2018 Tr., at 37. The First Circuit added that "[a] number of courts have made clear that they will not put up with game-playing omissions of plainly relevant detail, and we are increasingly sympathetic to this view." Cavallaro, 678 F.3d, at 10 (footnote omitted). This court did not characterize plaintiff's conduct as "game-playing." Sept. 17, 2018 Tr., at 47. However, the court reminded plaintiff's counsel of their obligation to assure that the claims and factual allegations of any amended complaint met the standards of Rule 11. Id. at 55.

When the court dismissed the Complaint, it also denied as moot plaintiff's motion to provide notice of the case to the putative National Class because there was no case of which to give notice. Id. at 54; Sept. 18, 2018 Order, ¶2 (Dkt. No. 56).

Plaintiff subsequently filed the FAC with two sets of substantive changes in response to the court's ruling. See FAC (Dkt. No. 63). First, plaintiff separated the allegations to refer specifically to ERAC Boston and EHI, rather than referring to "Enterprise" as a single integrated unity. See, e.g., FAC ¶10. Second, plaintiff alleged that EHI made the decision to reclassify assistant branch managers as "non-exempt" for the purposes of their entitlement to pay for overtime. See id. ¶¶24-25. Plaintiff also

5

alleged that Dwayne Walker--who informed assistant branch managers that they had been reclassified pursuant to a "Reclassification Memo"--was an employee of EHI, citing Walker's LinkedIn profile. See id.

Defendants moved to dismiss the FAC (Dkt. No. 65). They also submitted a letter that they sent to plaintiff's counsel before the FAC was filed, in which defendants stated that plaintiff knew or should have known that Walker was employed by ERAC Boston, rather than EHI, and threatened to seek sanctions under Rule 11 if the erroneous statements were not corrected. See Status Report, at 3 (Dkt. No. 60). Nevertheless, plaintiff included the disputed allegations concerning Walker's employer in the FAC.

At the hearing on defendants' motion to dismiss the FAC, the court expressed an inclination to dismiss at least part of the FAC and stated that defendants had raised a serious issue concerning whether a motion for sanctions under Rule 11 would be meritorious. See Feb. 6, 2020 Tr., at 60-61 (Dkt. No. 82). However, the court provided plaintiff the opportunity to decide whether to dismiss his claims against EHI and/or withdraw any or all of the allegations in the FAC that were potentially sanctionable under Rule 11. See id. at 53-54; Feb. 6, 2020 Order, ¶3(a) (Dkt. No. 80); Nov. 13 2020 Mem. & Order, at 7-8 (Dkt. No. 103). Plaintiff elected to move to amend his complaint a second time. See Plaintiff's Status Report (Dkt. No. 85).

Case 1:17-cv-12542-MLW   Document 218   Filed 01/17/24   Page 7 of 16

The court, over defendants' objection, allowed plaintiff to file the SAC, which did not include the potentially sanctionable allegations concerning Walker and added certain allegations. See Mar. 12, 2020 Order (Dkt. No. 91). Defendants moved to dismiss the SAC (Dkt. No. 93). On November 13, 2020, the court denied the motion to dismiss and expressed its intent to "address conditional certification [of a National Class] in the next phase of this litigation." See Mem & Order, at 36 (Dkt. No. 103). The parties filed several motions related to court's denial of defendants' motion to dismiss and plaintiff's motion to certify a National Class. See, e.g., Defendants' Motion for Reconsideration (Dkt. No. 106); Plaintiff's Supplemental Memorandum in Support of Motion to Certify Class (Dkt. No. 128); Defendants' Motion to Sever Claims Against EHI (Dkt. No. 154). On June 28, 2022, the court conditionally certified a FLSA National Class and authorized plaintiff to give notice of this case to putative opt-in plaintiffs. See June 28, 2022 Mem. & Order, at 5-6 (Dkt. No. 161).

However, because even the most generous three-year statute of limitations had expired on January 1, 2020, id. at 2, the court held that the putative opt-in plaintiffs would have to persuade the court to apply equitable tolling for their claims to survive, see id. at 5. Equitable tolling is a doctrine that "extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack

7

of diligence of their own." Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010). It is a rare remedy that courts are to apply sparingly. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009). In general, equitable tolling requires a court to perform an individualized "'fact intensive' inquiry." Holland v. Fla., 130 S. Ct. 2549, 2565 (2010). To receive the benefit of equitable tolling, a plaintiff must show: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." Neves, 613 F.3d, at 36. Accordingly, on June 28, 2022, this court ordered that:

> After putative opt-in plaintiffs are identified, the court will decide individually whether the doctrine of equitable tolling operates to permit each to maintain his or her claim despite the usual two-year or three-year statute of limitations. . . . Any person wishing to opt-in shall . . . submit an opt-in consent form, and provide affidavits and evidence supporting his or her contention that: (a) there were extraordinary circumstances that prevented him or her from pursuing his or her claim before either or both statutory deadlines; and (b) he or she was reasonably diligent in pursuing his or her rights.

June 28, 2022 Mem. & Order (Dkt. No. 161).

One thousand four hundred and seventy-five individuals attempted to opt-into the FLSA National Class. Oct. 24, 2023 Mem. & Order, at 6. Some did not, as ordered, file the required declarations. Id. at 7. One thousand one hundred and eighty-six individuals filed brief, identical declarations, asserting only that they did not know of this case before receiving the notice. See id. at 7. Six individuals filed declarations that were not

8

materially different. See id. at 8. For the reasons explained in the October 24, 2023 Memorandum, none of the putative opt-in plaintiffs proved that equitable tolling was justified under existing jurisprudence. See id. at 7-10.

In addition, in the October 24, 2023 Memorandum the court found that, at least in the circumstances of this case, plaintiff's contention that the court should apply equitable tolling on categorical grounds, and find that the time it took putative plaintiffs to receive notice justified equitable tolling, was not meritorious. See id. at 10-22. Among other things, the court noted that: the single Circuit to have decided the issue refused to apply equitable tolling despite protracted litigation, id. at 11 (discussing Sanchez v. Singular Wireless L.L.C., 700 F. App'x 317, 321 (5th Cir. 2017)); while some, but not all, district judges in other districts had applied equitable tolling based on the time it took for a court to issue notice and plaintiff's reasonable diligence, judges in the District of Massachusetts had consistently refused to do so[2], id. at 11-14; and adopting plaintiff's proposed categorical approach would in many cases undermine the statute of limitations that Congress and the

---

[2] The court recognized that equitable tolling was applied on somewhat categorical grounds in Pineda v. Skinner Services, Inc., 2020 WL 5775160 (D. Mass. Sept. 28, 2020) (Saylor, J.), but this court found that case inapposite because in Pineda the lack of clarity in a prior oral ruling had caused plaintiffs to reasonably rely on tolling. See Oct. 24, 2023 Mem. & Order, at 13-14.

9

President legislated, thus changing the principle of equitable tolling from the exception to the rule, id. at 13-14. Therefore, the court rejected plaintiff's request for equitable tolling and decertified the conditionally certified National Class. Id. at 22.

On October 24, 2023, after denying plaintiff's motion for equitable tolling, the court entered a scheduling order concerning plaintiff's state law claim (Dkt. No. 212). Fact discovery is to be completed by April 30, 2024. Id. at 3. The parties must report on the prospects of settlement and whether there is a proper basis for a summary judgment motion by July 31, 2024. Id. at 3. The court also ordered plaintiff to file any motion for the entry of final judgment under Rule 54(b), or for leave to file an interlocutory appeal, by November 21, 2023. See Oct. 24, 2023 Mem. & Order, at 22.

Plaintiff timely filed his Motion for entry of final judgment regarding the opt-in plaintiffs' claims (Dkt. No. 213). Defendants filed an Opposition (Dkt. No. 217).

III.  RULE 54(b) ANALYSIS

An entry of judgment making a ruling immediately appealable may be made pursuant to Rule 54(b) only if the ruling involves "one or more, but fewer than all, claims or parties [and] the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This court recognizes that authorizing piecemeal litigation pursuant to Rule 54(b) is rarely appropriate. See, e.g.,

10

Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 44 (1st Cir. 1988). However, after considering the relevant factors, the court is persuaded that this is one of those rare cases.

The Rule 54(b) "[f]inality requirement is satisfied as long as the 'trial court action underlying the judgment disposed of all the claims, rights, and liabilities of at least one party as to at least one claim.'" Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 28 (1st Cir. 2022) (quoting Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996)). The decision that the putative opt-in plaintiffs' FLSA claims are time-barred eliminates all of their claims. Therefore, the parties properly agree that the decision is final.

Accordingly, the only material issue is whether there is any "just reason for delay." One important interest served by Rule 54(b) is avoiding "piecemeal appeals in cases which should be reviewed only as single units." Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 100 S. Ct. 1460, 1466 (1980)). In Britton v. Maloney, 196 F. 3d 24 (1st Cir. 1999), the First Circuit wrote:

> The propriety of an immediate appeal under Rule 54(b) turns on a number of factors, including (1) whether the disputed ruling is final; (2) whether the disputed ruling raises legal or factual issues that overlap with any claims that remain pending in the district court; and (3) how the equities and efficiencies of piecemeal review would compare to those in a single proceeding. See [Credit Francais, 78 F.3d, at 706]. Because Britton's case against Maloney is now complete, because the issues that it raises are analytically distinct from those in Britton's case against the city, and because there is little

11

risk of prejudice from immediate appellate review, we accept the district court's certification under Rule 54(b).

Id. at 27 n.2.

This is a comparable case. Here, the legal and factual issues in the appeal do not overlap with any issues under Massachusetts law still pending concerning ERAC Boston in the district court. The heart of the issues still before this court is whether the assistant branch managers were misclassified and entitled to overtime. The sole issue on appeal will be whether this court properly found that the putative FLSA opt-in plaintiffs' claims against EHI are time-barred. These issues are analytically distinct. Cf. Federal Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 107 n.3 (1st Cir. 2016), abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82 (2017) (affirming the entry of final judgment under Rule 54(b) because it rested "on purely legal grounds distinct from the factual questions of liability being litigated by the remaining parties"). "Such a lack of overlap" between the issue to be decided on appeal and the issues still pending in this court "strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b))." Quinn v. City of Bos., 325 F.3d 18, 27 (1st Cir. 2003).

In addition, 1,424 putative plaintiffs whose claims have been found to be time-barred will not be simultaneously litigating in

the district court and the court of appeals.[3] Oct 24, 2023 Mem. & Order, at 6; cf. Spiegel, 843 F.2d at 44. Nothing to be decided in the district court will obviate the need for the First Circuit to decide at some time whether this court was correct in concluding that the putative plaintiffs' claims are time-barred.

If this court was incorrect in denying plaintiff's motion for equitable tolling, it would be in the interest of justice to allow the putative FLSA National Class to be re-certified and to have its claims litigated now, before the passage of time may make it more difficult to obtain evidence and have the merits of those claims properly decided. Defendants will not be prejudiced by a remand. If this court's decision is reversed and remanded, the schedule established for litigating the putative Massachusetts Class's claims will not be disrupted because the court will bifurcate the schedules for discovery and trial concerning the two classes. Any earlier decision concerning the Massachusetts Class may resolve at least some legal issues concerning the National Class.

---

[3] One thousand four hundred and seventy-five individuals attempted to opt-in to the FLSA National Class. Oct. 24, 2023 Mem. & Order, at 6. According to EHI, 51 of the members of the putative Massachusetts Class also filed FLSA opt-in consent forms. Defendants' Opposition, at 4. Setting aside these individuals, there are 1,424 putative opt-in plaintiffs who are no longer a party to the district court proceedings.

In essence, the case is distinguishable from Spiegel and comparable to Amyndas and Britton. In Spiegel, the district court entered final judgment under Rule 54(b) after dismissing three of four claims that a professor brought against Tufts University following its denial of her tenure application. See Spiegel, 843 F.2d at 40. The First Circuit reversed the district court for three reasons: (1) the plaintiff, who moved for the entry of final judgment, remained a party to the district court action, see id. at 44; (2) the claims that the plaintiff sought to appeal would have been largely mooted if she prevailed on the claim that remained pending in the district court, see id. at 45; and (3) the "factual underpinnings of the adjudicated and unadjudicated counts [were] also inextricably intertwined," id. at 45.

The factors that precluded the entry of final judgment in Spiegel do not exist in this case. First, the opt-in plaintiffs seeking to appeal the court's equitable tolling decision are no longer a party to the district court case. Cf. Britton, 196 F.3d, at 27 n.2 (affirming district court's entry of final judgment by defendant's motion in part because defendant was no longer a party to district court proceedings). Second, the opt-in plaintiffs' request for appellate review of the district court's equitable tolling decision will not be mooted if the Massachusetts Class prevails. Cf. Amyndas, 48 F.4th, at 29 (affirming entry of final judgment following dismissal of plaintiff's claims against one of

14

two defendants). Third, as in Amyndas, "the issue[] on appeal"--whether the court properly refused to apply equitable tolling to the opt-in plaintiffs' claims--"[is] ripe for review and distinct from the merits of the claims remaining against [defendants]." Id. at 29.

Plaintiff has also established "a compelling reason for accelerated appellate review." Id. at 29. In Amyndas, the First Circuit found that appellants had a compelling need to know "sooner rather than later" whether a forum selection clause applied to the plaintiff's claims against one defendant. Id. at 29. Here, the opt-in plaintiffs have a compelling need to know "sooner rather than later" whether their FLSA claims against defendants are time-barred. See supra, at 13. The court perceives "little risk of prejudice from immediate appellate review," Britton, 196 F.3d, at 27 n.2.

In view of the foregoing, the Motion is being allowed.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for the Entry of Separate and Final Judgment under Rule 54(b) is ALLOWED.

2. The denial of plaintiff's request for equitable tolling and decertification of the conditionally certified National Class (Dkt. No. 211) shall be ENTERED as a final judgment pursuant to Rule 54(b).

3. Plaintiff's request, in the alternative, for the entry of an interlocutory appeal pursuant to 28 U.S.C. §1292(b) is DENIED as MOOT.

```
                                    /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE
```