UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAMADOU ALPHA BAH,                    )
        Plaintiff,                    )
                                      )
        v.                            )      Civ. No. 17-12542-MLW
                                      )
ENTERPRISE RENT-A-CAR COMPANY         )
OF BOSTON, LLC, and                   )
ENTERPRISE HOLDINGS, INC.,            )
        Defendants.                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                   September 16, 2025

        Now before the court is plaintiff Mamadou Alpha Bah's motion

for certification of a class (Dkt. No. 266) comprised of Assistant

Branch Managers ("ABMs") employed by Enterprise Rent-A-Car Company

of Boston, LLC ("ERAC Boston") from December 21, 2014 to November

26, 2016 for violating the Massachusetts Overtime Law, M.G.L. c.

151, §1A, by misclassifying the ABMs as executives exempt from

receiving pay for overtime that they worked (the "Motion").

Defendants ERAC and its parent company, defendant Enterprise

Holdings, Inc. ("EHI"), oppose the motion. See Dkt. No. 277.

        Plaintiff has the burden of proving by a preponderance of the

evidence that class certification is justified. See In re Nexium,

777 F.3d 9, 27 (1st Cir. 2015); Clark v. Cap. Vision Servs., LLC,

No. 22-CV-10236-DJC, 2024 WL 3458525, at *2 (D. Mass. July 18,

2024). The requirements for class certification are explained

comprehensively and correctly in Judge Denise Casper's decision in

Clark. Id.[1]

In order to certify the putative class the court must find

that the plaintiff has proven each of the requirements of Federal

Rule of Civil Procedure 23(a)(1) and, among other things, that as

required by Rule 23(b)(3) "questions of law or fact common to class

members predominate over any questions affecting only individual

class members . . .." As Judge Casper wrote:

> The focus of the predominance inquiry is "whether
> proposed classes are sufficiently cohesive to warrant
> adjudication by representation." Amchem Prods., Inc. v.
> Windsor, 521 U.S. 592, 623 (1997). When conducting a
> Rule 23(b)(3) analysis, the Court must determine whether
> there is "reason to think that [individualized]
> questions will overwhelm common ones and render class
> certification inappropriate." Halliburton Co. v. Erica
> P. John Fund Inc., 573 U.S. 258, 276 (2014). This
> requires a district court to "formulate some prediction
> as to how specific issues will play out in order to
> determine whether common or individual issues
> predominate in a given case." Waste Mgmt. Holdings, Inc.
> v. Mowbray, 208 F.3d 288, 298 (1st Cir. 2000).

Id. at *11.

To prove that an employee is exempt from overtime pay the

employer must prove that the employee is a bona fide executive,

which requires proof, among other things, that his "primary duty"

---

[1] Clark involved alleged violations of the Fair Labor
Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, et seq., and M.G.L.
c. 151, §1A. It has been held that these standards are the same.
See Cash v. Cycle Craft Co., 503 F.3d 680, 686 (1st Cir. 2007);
Swift v. AutoZone, Inc., 806 N.E.2d 95, 98 (Mass. 2004).

is management. M.G.L. c. 151, §1A(3). This is a highly case specific inquiry that requires consideration of many factors, including the relative importance of exempt duties performed by the employee as compared with other types of duties; the amount of time spent performing exempt work; and the employee's relative freedom from direct supervision. See Marzuq v. Cadete Enters., Inc., 807 F.3d 431, 435 (1st Cir. 2015) (quoting 29 C.F.R. §541.700).

In this case, plaintiff initially opposed defendants' request for any class discovery. See May 15, 2025 Tr. (Dkt. No. 294) at 7-8. In contrast, defendants requested discovery from about 115-120 putative class members. Id. Plaintiff agreed to a compromise approach adopted by the Magistrate Judge, who ordered that only 27 putative class members were to be selected to respond to a small number of written discovery requests. Id. at 9. Plaintiff successfully argued that he should be permitted to select 9 of those putative class members, but he did not do so. Id.; see generally Def's Opp. (Dkt. No. 277) at 3-4. As a result, discovery requests were served on 18 putative class members, 9 of whom were selected by defendants and 9 of whom were selected randomly. Id.

The parties subsequently each supplemented this discovery with several declarations favorable to their positions. E.g., Bah Declaration, Dkt. No. 266-4; Askerberg Declaration, Dkt. No. 266-12; Johnson Declaration, Dkt. No. 266-13; Sifferlen Declaration,

3

Dkt. No. 278-7, Rogers Declaration, Dkt. No. 278-8, Everts Declaration, Dkt. No. 278-9.

The court heard argument on the motion for class certification on May 15, 2025. See Dkt. No. 294. The parties confirmed the court's understanding that class discovery should not be regarded as complete. Id. at 7. To complete discovery for the purpose of the motion to certify, or if it is granted, a likely future motion to decertify, plaintiff said he would ask for the 234 ABMs' personnel files, their time records, compensation records, other documents, and potentially at least one or two depositions. Id. at 10-11. Defendants said that they would seek to serve their prior written request on a larger number of putative class members and to take some depositions based on their responses. Id. at 11.

At the conclusion of the May 15, 2025 hearing, the court ordered additional briefing on the predominance issue. Id. at 72. The court has received those submissions. See Dkt. Nos. 287, 288. As anticipated, the evidence identified by each party supports its position.

After carefully considering the evidence, caselaw, and arguments of the parties, the court finds that, on the limited, incomplete evidentiary record before it, there is a meaningful question concerning whether plaintiff has proven predominance as required by Rule 23(b)(3). Therefore, in its present posture, this case may be analogous to Clark, in which Judge Casper denied class

4

certification because predominance had not been proven. See 2024 WL 3458525, at *11-15, and DaRosa v. Speedway LLC, 557 F. Supp. 3d 315 (D. Mass. 2021), in which Judge Richard Stearns decertified a FLSA collective. Clark was decided on a "developed record" that included discovery from 59 putative class members. 2024 WL 3458525, at *14. In DaRosa:

> The parties engaged in substantial representative class discovery. One hundred eight collective members provided testimony: 45 members submitted sworn declarations, 43 members responded to Speedway's interrogatories, and 19 members (including four of the five lead plaintiffs) sat for depositions.

557 F. Supp. 3d at 318.

If the court certifies the class based on the current, incomplete, limited record it is foreseeable that it will later be necessary to litigate another motion to decertify.[2] If it now denies the motion to certify, it is foreseeable that there will be another interlocutory appeal, further delaying this case, which has been protracted primarily because of plaintiff's conduct.[3]

---

[2] Plaintiff members of the putative national FLSA collective filed an interlocutory appeal challenging this court's decision denying equitable tolling and decertifying a national FLSA collective in Kwoka, et al v. Enterprise Rent-A-Car Company of Boston, LLC, et al, No. 24-1126. On June 18, 2025, the First Circuit affirmed this court's decision. Opinion, Dkt. No. 292; Mandate, Dkt. No. 296.

[3] As a result of several successive pleading errors by plaintiff in seeking certification of a national FLSA collective, "there was no operative complaint" in this case until the federal statute of limitations had passed because the original complaint had to be amended twice, generating three motions to dismiss. See, e.g., Oct. 24, 2023 Mem. & Order, Dkt. No. 211, at 16-18 ("As a

In view of the foregoing, it is hereby ORDERED that:

1.    The Motion for Class Certification (Dkt. No. 266) is DENIED without prejudice.

2.    The parties shall confer and, by September 24, 2025, file, jointly if possible but separately if necessary, a proposal and schedule for reasonable additional discovery to develop an adequate record for a decision on a renewed motion for class certification. If the parties do not file jointly, the court may adopt the proposed discovery and schedule that is most reasonable.

_____
UNITED STATES DISTRICT JUDGE

---

result of Bah's pleading errors, there was no operative compl[ai]nt for which to authorize notice until after the statute of limitations had passed.").

6