UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MAMADOU ALPHA BAH, individually and on behalf of all other similarly situated individuals,

Plaintiff,

v.

ENTERPRISE HOLDINGS, INC., and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC.,

Defendants.

C.A. No. 17-cv-12542-MLW

MEMORANDUM AND ORDER

WOLF, D.J. October 29, 2025

In the September 16, 2025 Memorandum and Order the court found that on the limited, incomplete evidentiary record before it there was a meaningful question concerning whether plaintiff Mamadou Alpha Bah had proven, as required by F. R. Civ. P. 23(b)(3), that questions of law or fact common to class members predominate over any questions affecting only individual class members and, therefore, it might be inappropriate to allow plaintiff's motion for class certification. See Dkt. No. 298. However, the court found it most appropriate to allow the parties to conduct additional class discovery. Id.

Accordingly, the court denied plaintiff's Motion for Class Certification without prejudice, id at 6, §1, and ordered that:

> The parties shall confer and, by September 24, 2005, file, jointly if possible but separately if necessary, a proposal and schedule for reasonable additional discovery to develop an adequate record for a decision on a renewed motion for class certification. If the parties do not file jointly, the court may adopt the proposed discovery and schedule that is most reasonable.

Id., §2.

The parties conferred, but did not agree on a proposal for reasonable discovery. Therefore, they each filed statements of their proposal and the reasons for it. See Dkt. Nos. 301, 302.

The court finds plaintiff's proposal (Dkt. No. 301) to be unreasonable, essentially for the reasons stated by defendants Enterprise Holdings, Inc. and Enterprise Rent-A-Car, LLC ("Enterprise"). See Dkt. No. 302. The court finds defendants' proposal to be reasonable, and is adopting it with modifications authorizing somewhat less discovery than defendants propose. The court is also essentially adopting the parties' joint proposed schedule for completing class discovery, with modifications due to the passage of time.

Accordingly, it is hereby ORDERED that:

1. Written Discovery of Potential Class Members

    a. The parties shall select up to 60 putative class members for written discovery. The individuals will be selected as follows: 1/3 by defendants; 1/3 by Bah; and 1/3 randomly. If Bah fails to select his 1/3 of putative class members, defendants may identify the

      final 1/3 via random selection. If any putative class members selected for discovery refuse to participate or do not respond, another putative class member will be selected in their place, selected in the same manner as the non-participating individual.

b. Defendants may serve, via last known email and mailing address, written discovery requests, including up to 12 interrogatories and 5 requests for production, on each of these 60 putative class members. Discovery responses shall be due in 30 days, deliverable to defendants via email or mail. Defendants shall forward all responses to Bah's counsel.

c. Bah may serve up to 10 requests for production upon defendants seeking documents related to the same 60 putative class members. Defendant Enterprise Rent-A-Car Company Of Boston, LLC ("Enterprise Boston") shall produce personnel files, to the extent available, for the same 60 individuals to the extent that each such individual responds to the discovery served upon them. Defendants retain all rights to object to other specific requests on relevance, burden, and other grounds.

d. Defendants retain all rights to seek to dismiss or otherwise exclude from this action any putative class members who refuse to participate in discovery and/or to oppose class certification on such grounds.

2. Depositions of Potential Class Members

a. After receipt of the written discovery, defendants may select up to 20 of the 60 putative class members for deposition. Bah reports that he does not anticipate taking any depositions of any additional putative class members. He shall, therefore, request leave of court if defendants do not agree that he may do so.

b. Bah may take up to 3 depositions of individuals who worked for Enterprise Boston during the relevant time period.

c. Each deposition shall be limited to 4 hours on the record, absent agreement by the parties or leave of court.

    d. Depositions shall be taken in person for any witnesses who currently live or work in the Boston area and shall be taken remotely for any other witnesses, subject to reasonable negotiation among the parties as to such logistics and/or other agreement regarding location.

e. Defendants may seek to dismiss or otherwise exclude from this action any putative class members who refuse to participate in discovery and/or to oppose class certification on such grounds.

3. <u>Schedule</u>

a. Written discovery requests shall be served by December 12, 2025

b. Written discovery responses shall be served by January 16, 2026

c. The parties shall identify deponents (subject to revision based on refusal to participate or other reasons) by February 27, 2026

d. Discovery shall be completed by July 31, 2026

e. Plaintiffs shall file any renewed motion for class certification by August 31, 2026. Defendants shall file any opposition by September 30, 2026. Any reply shall be filed by October 9, 2026.

f. The Parties shall file brief joint reports regarding the status of discovery on March 31, 2026, May 29, 2026, and July 31, 2026.

[signature]
UNITED STATES DISTRICT JUDGE