# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAMADOU ALPHA BAH, individually and on behalf of all other similarly situated individuals, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-12542 |
| ENTERPRISE HOLDINGS, INC. and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## JOINT MOTION TO IMPOUND AMOUNT OF
## FAIR LABOR STANDARDS ACT SETTLEMENT

Pursuant to Fed. R. Civ. P. 7.2, Plaintiff Mamadou Alpha Bah ("Plaintiff") and

Defendants Enterprise Holdings, Inc. and Enterprise Rent-A-Car Company of Boston, LLC

("Defendants") hereby request the Court to enter an order impounding the unredacted version of

the Settlement Agreement submitted in support of the parties' Joint Motion for Approval of Fair

Labor Standards Act Settlement because it discloses the monetary amount of the settlement,

which the Parties have agreed to keep confidential. The parties state as follows:

1.      The parties have agreed to settle this dispute, which resolves Plaintiff's *individual*

claims pursuant to the Fair Labor Standards Act ("FLSA").

2.      On the same date on which this Motion is filed, the parties are filing on the public

record a Joint Motion for Final Approval of Fair Labor Standards Act Settlement and attaching a

redacted copy of the Settlement Agreement, with the amount to be paid to Plaintiff redacted,

subject to this Motion, because the Parties have agreed to keep the amount confidential. The

parties ask the Court to impound the unredacted version of the Settlement Agreement for the Court's *in camera* review.

3.     "Every court has supervisory power over its own records and files, and [public] access has been denied where court files might have become a vehicle for improper purposes," despite the common law presumption of public access to court records. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978). This includes circumstances where records include "business information that might harm a litigant's competitive standing." *Id*. Such decisions regarding access or impoundment are "best left to the discretion of the trial court… to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

4.     Here, the parties have bargained for confidentiality of the financial terms of the individual Settlement Agreement, and confidentiality is an important aspect of the parties' bargain. The parties narrowly tailor their request for confidentiality and have filed on the public docket a version of the Settlement Agreement that redacts only the amount paid to Plaintiff.

5.     The general public has little interest in these terms of this *individual* settlement and may draw unfounded conclusions from the terms. *Hummel v. Bimbo Bakeries USA, Inc*., No. 14-CV-03683-JSC, 2015 WL 13738406, at *3 (N.D. Cal. Sept. 21, 2015) (granting motion to seal individual FLSA settlement, noting "the individual rather than collective nature of this action warrants sealing of the monetary amounts in the settlement agreement" because "[t]here is no general public interest in the precise settlement amount and the public can be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to substance and compensation.").

6.     Courts in this district have allowed FLSA settlements to be sealed under similar circumstances. *See e.g., Drexler v. TEL NEXX, Inc.*, No. 13-cv-13009-ADB, 2019 WL 3947206,

2

at *1 (D. Mass. Aug. 21, 2019) (approving FLSA settlement after permitting parties to file proposed settlement under seal, where parties agreed to keep terms confidential) (Burroughs, J.); *id*. at Docket No. 211 (D. Mass. Aug. 12, 2019) (granting motion to seal FLSA settlement) (Burroughs, J.); *George v. National Water Main Cleaning Co*., Case 1:10-cv-10289, Docket No. 271 (D. Mass. Feb. 23, 2016) (granting motion to seal unredacted motion for final approval of FLSA settlement and motion for attorneys' fees) (Casper, J.).

## CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 7.2, the parties respectfully request that the Court impound and permit filing under seal of the unredacted Settlement Agreement.

Respectfully Submitted,

MAMADOU ALPHA BAH,

By his attorneys,

*/s/Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO #640716
Thomas Fowler, BBO #688521
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
Attorneys for Plaintiff

ENTERPRISE HOLDINGS, INC. and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC

By their attorneys,

*/s/ Hillary J. Massey*
Jason C. Schwartz (admitted *pro hac vice*)
Ryan C. Stewart (admitted *pro hac vice*)

3

Amalia Reiss (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Jschwartz@gibsondunn.com
Rstewart@gibsondunn.com
Areiss@gibsondunn.com

Barry J. Miller (BBO No. 661596)
Hillary J. Massey (BBO No. 669600)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801
bmiller@seyfarth.com
hmassey@seyfarth.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 31, 2026 a copy of the foregoing document was filed through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Hillary J. Massey*
Hillary J. Massey

4