## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAMADOU ALPHA BAH, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> ENTERPRISE HOLDINGS, INC. and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:17-cv-12542 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION FOR APPROVAL OF
## FAIR LABOR STANDARDS ACT SETTLEMENT

Plaintiff Mamadou Alpha Bah ("Bah") and Defendants Enterprise Holdings, Inc. ("EHI") and Enterprise Rent-A-Car Company of Boston, LLC ("ERAC Boston") (collectively, "Defendants"), by and through their counsel, move this Court for an Order approving their Fair Labor Standards Act settlement as fair and reasonable.

## INTRODUCTION

After more than eight years of hard-fought litigation, Bah and Defendants have resolved this action as memorialized in the settlement agreement between the parties. Ex. 1 (Redacted Settlement Agreement).[1] Had the parties proceeded to trial, there would have been substantial litigation ahead, resulting in additional time and expense to the parties through a trial and verdict. This settlement provides monetary relief to Bah now without the risk of trial, and conserves the

---

[1] The parties are filing a joint motion to seal the total amount of the settlement and have redacted that amount in Exhibit 1, subject to the Court's approval.

parties' and the Court's resources. For the reasons set forth herein, the parties submit that this settlement is a fair and reasonable resolution of the disputed wage claim. Therefore, the parties respectfully request that the Court approve this settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

Bah worked as an assistant branch manager ("ABM") for ERAC Boston at its rental branch in Lowell from July 1, 2016 until January 2017, when he was terminated. On December 21, 2017, Bah filed a Complaint alleging that he had been misclassified as exempt from overtime pay requirements imposed by federal and Massachusetts law during a portion of his tenure as an ABM. ECF No. 1. Specifically, the time period at issue is July 16, 2016[2] through November 27, 2016, the date that ERAC Boston reclassified its ABMs as non-exempt and overtime eligible in light of impending changes to the applicable United States Department of Labor ("DOL") regulations.[3] Bah purported to bring his claims on behalf of himself and allegedly "similarly situated employees" pursuant to the Fair Labor Standards Act ("FLSA") and Massachusetts state law against his employer, ERAC Boston, and its parent holding company EHI.[4]

The Court (Wolf, J.) dismissed Bah's first complaint for failure to state a claim (ECF No. 56). Bah filed a First Amended Complaint on October 15, 2018 (ECF No. 63), and after oral argument on Defendants' motion to dismiss that complaint, Bah sought and was granted leave to

---

[2] Bah received hourly pay plus overtime through his July 15, 2016 pay date.

[3] ERAC Boston has consistently maintained that it did not reclassify ABMs as non-exempt due to any legal concerns regarding the prior exempt classification of ABMs or ABM job duties. ERAC Boston argues that it reclassified ABMs in light of the impending changes to the DOL regulations (which were later temporarily enjoined) that were set to go into effect in December 2016 and would have increased the salary basis threshold for exempt status to a level that ERAC Boston could not support while maintaining its incentive compensation strategy for its ABMs. ECF No. 277 at 10, n.11.

[4] EHI has always maintained that it is not and was not a joint employer of any operating group's ABMs, including Bah.

file a Second Amended Complaint (Dkts. 85, 91, and 92). Bah filed the Second Amended Complaint on March 16, 2020. ECF No. 92. The parties conducted extensive discovery, including the exchange of written discovery responses, documents, and several depositions.

On October 4, 2021, Bah filed a motion to authorize notice to a putative nationwide FLSA collective. The Court (Wolf, J.) granted the motion on June 28, 2022, authorizing notice to all individuals who worked as ABMs at any Enterprise Rent-a-Car Branch in the United States, between December 21, 2014 (three years before the initial Complaint was filed) and November 27, 2016 (the date ABMs were reclassified as non-exempt). ECF No. 161, at 5. On January 18, 2023, Bah filed a motion seeking equitable tolling for the opt-in plaintiffs who had joined the case, because all of their claims were otherwise time-barred by the applicable statute of limitations. ECF No. 195. On October 24, 2023, the Court (Wolf, J.) denied Bah's motion, dismissed with prejudice the FLSA claims of all opt-ins as time-barred, and decertified the conditionally-certified FLSA collective. ECF No. 211. Bah appealed the Court's order to the First Circuit, and the First Circuit affirmed the order. *Kwoka v. Enter. Rent-A-Car Co. of Bos*., LLC, 141 F.4th 10, 13 (1st Cir. 2025).

On October 25, 2024, Defendants filed a motion for summary judgment as to Bah's claims in their entirety on the grounds that he was exempt from overtime pay requirements under both the FLSA and Massachusetts law. The Court (Wolf, J.) denied that motion on May 14, 2025. ECF No. 284.

On December 17, 2024, Bah asked the Court, pursuant to Fed. R. Civ. P. 23, to certify a class of all ABMs who worked at any Enterprise branch in Massachusetts between December 21, 2014 and November 27, 2016. ECF No. 266. Following a multi-day hearing and supplemental briefing (ECF Nos. 287, 288), the Court (Wolf, J.) denied Bah's Rule 23 motion for Class Certification on September 16, 2025, without prejudice following additional putative class

discovery. ECF No. 298. Specifically, the Court ordered the parties to file "a proposal and schedule for reasonable additional discovery to develop an adequate record for a decision on a renewed motion for class certification." *Id.* The parties later proposed a schedule, which the Court adopted, and served discovery requests on 60 putative class members. Further discovery efforts also would have required the parties to engage in extensive further deposition practice, including up to 23 depositions.

In the course of these further discovery efforts, the parties agreed on terms for a mutually acceptable resolution of Bah's individual claims. The parties' proposed resolution does not impact the claims of any individual other than Bah, including the FLSA opt-ins (who have been dismissed from this action with prejudice, as noted above) or members of the putative Rule 23 class (which was never certified, as noted above). On February 24, 2026, this Court stayed the deadlines for class discovery pending submission of this joint motion for approval. ECF No. 308.

## ARGUMENT

### I.    Court Approval of FLSA Settlements

Some courts have held that in order for an employee to release FLSA claims, the Department of Labor or a court must approve the settlement and release. *Michaud v. Monro Muffler Brake, Inc.,* No. 2:12-CV-00353-NT, 2015 WL 1206490, at *25 (D. Me. Mar. 17, 2015). That issue is uncertain, and several other federal district courts have recently held that Court approval is <u>not</u> required for settlement of an *individual* FLSA claim. *Bazemore v. Papa John's USA, Inc.*, Case No. 3:22-cv-00311, at ECF No. 71 (W.D. Ky Jan. 10, 2025) (denying plaintiff's unopposed motion for settlement approval and ordering parties to file stipulation of dismissal, explaining neither FLSA nor binding Sixth Circuit precedent "requires or authorizes" court approval of even collective FLSA settlements); *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 715–18 (S.D. Ohio 2024)

(concluding court "lacks authority to pass on the fairness or propriety of a proposed private settlement agreement among the parties to this action"); *Alcantara v. Duran Landscaping, Inc.*, No. 2:21-CV-03947-JDW, 2022 WL 2703610, at \*1 (E.D. Pa. July 12, 2022) (approval not required for individual FLSA settlement). There is no binding authority from the First Circuit Court of Appeals on this subject. Thus, in an abundance of caution and given the unsettled state of case law on this issue, the parties seek approval of Bah's release of FLSA claims as part of the parties' settlement agreement resolving this action.

Where a court undertakes to review an FLSA settlement for approval, courts may approve the settlement "if the parties agreed to it and if it represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Preston v. World Travel Holdings, Inc.*, No. 1:23-CV-12389-JEK, 2024 WL 3408705, at \*4 (D. Mass. July 15, 2024) (cleaned up) (quoting *Drexler v. TEL NEXX, Inc.*, No. 13-cv-13009-ADB, 2019 WL 3947206, at \*1 (D. Mass. Aug. 21, 2019)). The First Circuit has not provided any particular test for making this determination. *Id.*

## II.    The Settlement Is Fair and Reasonable and Should Be Approved

The Court should approve this settlement because "the parties agreed to it and … it represents a fair and reasonable resolution of a bona fide dispute." *Preston*. 2024 WL 3408705, at \*4; *see also Clark v. Cap. Vision Servs., LLC*, No. 22-CV-10236-DJC, ECF No. 264 (D. Mass. Aug. 14, 2025 (approving settlement of individual FLSA claims because agreement's "terms are fair, reasonable, and adequate" and "it constitutes a fair and reasonable resolution of a *bona fide*" FLSA dispute).

### A.  A Bona Fide Dispute Exists.

Here, there can be no doubt that there is a bona fide dispute about whether Bah was eligible for overtime pay under the FLSA. *Michaud,* 2015 WL 1206490, at \*25. The parties have intensely

litigated that very issue for more than eight years, and at this stage of the proceedings, it remains unresolved. After full merits discovery as to Bah's claims, the parties have sufficient information to assess the strengths and weaknesses of their claims and defenses as to Bah's individual claims. Bah maintains that discovery showed that his primary duties were customer service tasks, and that any discretion he possessed was limited. In Defendants' view, the evidence demonstrates that Bah managed a team and provided input into the hiring, termination and discipline of employees who worked in his branch, which was generally given effect.

The motion practice following discovery further highlighted the existence of a bona fide dispute between the parties. Although Defendants sought summary judgment on the merits of Bah's claim, the Court determined that a trial was necessary to resolve the parties' competing factual contentions regarding Bah's primary duty. ECF No. 284. Ultimately, after assessing the risk and expense of proceeding, the parties determined that settlement was ultimately best because Bah would face significant obstacles and risk the potential of an unsuccessful outcome if this case proceeded to trial. This settlement eliminates all of the uncertainties and risk associated with trials and potential appeals for all parties, and provides a fair and reasonable resolution to the disputed claims.

### B. The Settlement is Fair and Reasonable.

As an ABM, Bah was paid an annual salary and profit-based bonuses. He earned a total of about $20,200 in the 19 work weeks at issue. Assuming he worked 15 hours of overtime each week in those 19 work weeks (which ERAC Boston disputes), his overtime damages would amount to approximately $15,450, when calculated on a time and a half basis.[5] The parties refer the Court to

---

[5] There is substantial authority for the proposition that an employee who is paid a salary covering all hours of work each week and is later determined to have been properly classified as exempt is entitled only the half-time premium on any overtime hours worked. *Valerio v. Putnam Assocs.,*

the consideration provisions in the settlement agreement (Exhibit 1 at Section 2) for a comparison of this highest possible recovery to the amount of the settlement.

The parties' settlement bears all the indicia of fairness warranting approval. Bah has been represented by experienced counsel, who, in the adversarial context of a lawsuit engaged in "serious, informed, non-collusive (arm's length") negotiations" of "a bona fide dispute between the parties with respect to coverage [and] amount due under the Act," resulting in a fair, and reasonable compromise of claims in settlement. *See Berkson v. Gogo LLC*, 147 F. Supp. 3d 123, 130 (E.D.N.Y. 2015); *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353-54 & n.8 (11th Cir. 1982). Bah's Counsel considers the settlement to benefit Bah when weighed against the uncertain outcome at trial, risk of continued litigation, and the further expense and delay that would result from prosecuting this action through completion. The settlement terms represent a successful resolution, given the fact that the jury might have concluded that Bah was exempt or entitled to substantially less damages than agreed to in the settlement. When balancing all of these risks against the settlement amount, the settlement fairly takes into account the risks and provides a fair amount to settle his disputed claims.

---

*Inc.*, 173 F.3d 35, 39-40 (1st Cir. 1999) (affirming application of half-time method in FLSA case); *see also Marcus v. Am. Cont. Bridge League, Inc.*, No. CV 17-11165-FDS, 2021 WL 1132161, at *36 (D. Mass. Mar. 24, 2021), *aff'd, rev'd and remanded on other grounds Marcus v. Am. Cont. Bridge League*, 80 F.4th 33 (1st Cir. 2023) ("any unpaid overtime due to plaintiffs in this matter may be calculated using the fluctuating workweek method"). The calculation above is thus much more favorable to Bah than the calculation that Defendants contend would apply, even assuming it was ultimately determined that Bah had been misclassified.

7

### C. Bah's Counsel Do Not Seek Fees or Costs.

Plaintiffs' Counsel do not seek attorneys' fees or costs and therefore no discussion of the reasonableness of attorneys' fees is included.

### CONCLUSION

The parties present this settlement to the Court for approval. After eight years of intense litigation, this settlement is a fair resolution of Bah's claims and provides significant monetary relief to Bah and closure for Defendants. The parties respectfully request that the Court approve this settlement.

Dated: March 31, 2026

Respectfully Submitted,

MAMADOU ALPHA BAH,

By his attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO #640716
Thomas Fowler, BBO #688521
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
Attorneys for Plaintiff

ENTERPRISE HOLDINGS, INC. and ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC

By their attorneys,

*/s/ Hillary J. Massey*
Jason C. Schwartz (admitted *pro hac vice*)
Ryan C. Stewart (admitted *pro hac vice*)
Amalia Reiss (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.

Washington, D.C. 20036-5306
Jschwartz@gibsondunn.com
Rstewart@gibsondunn.com
Areiss@gibsondunn.com

Barry J. Miller (BBO No. 661596)
Hillary J. Massey (BBO No. 669600)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801
bmiller@seyfarth.com
hmassey@seyfarth.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2026 a copy of the foregoing document was filed through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Hillary J. Massey*
Hillary J. Massey